January Term,
1861.

McLachlan
et al.
v.
Staples et al.

McLACHLAN and others vs. STAPLES and another.

M devised and bequeathed all his real and personal estate to N and appointed A and B his executors. N died in infancy, and A was appointed administrator of his estate. In an action by the heirs at law of N, against A and B, the complaint alleged that A had obtained the allowance of a fraudulent claim in his own favor against N's estate; that both A and B had obtained the allowance in their own favor of fraudulent claims against M's estate; that the plaintiffs were residents of a foreign country, and never had notice of the pendency of either of said claims, and the time for appealing from the allowance of them had expired; that the said A and B, or one of them, had received personal assets belonging to the estate of M, and the rents and profits of the real estate until the death of N, at which time said real and personal property was, and still continued to be, in the possession of the defendants or one of them; and that they had never rendered any account or made any settlement of their respective trusts; and demanded that the defendants should account with the plaintiffs concerning the matters aforesaid, and pay to the plaintiffs whatever might be found due from the defendants to either of said estates, and that the allowance of said fraudulent claims be set aside. *Held*, that the complaint was not objectionable for multifariousness, because it united a cause of action against both A and B as such executors, with a cause of action against A alone as such administrator, it being impossible to determine with what amount A should be charged as such administrator, without a settlement of the accounts of A and B as such executors.

In an action by the heirs of an estate against the administrator, to set aside an allowance of a claim in his favor, made during their absence in a foreign country, by commissioners appointed by the court of probate to examine and adjust claims against the estate, the complaint alleged that the administrator procured the appointment of the commissioners with a view to defraud the estate, and fraudulently procured the allowance in his favor, of an account for over $3,000, by false representations that it was justly due, when in fact the charges were enormously exorbitant, and the amount due him did not exceed $500; and set forth also a copy of the account so allowed, which was upon its face suspicious and tended strongly to sustain the charge of fraud. *Held*, that the allegations of fraud, though rather general, were perhaps as specific as the nature of the case would permit, and if true, were sufficient to set aside the allowance and settlement of the account in the probate court.

APPEAL from the Circuit Court for *Racine* County.

*James McLachlan* died in February, 1852, having devised all his estate to his infant son, John McLachlan, and appointed the defendants, *Staples* and *McKay*, his executors. In December, 1857, John McLachlan died, at the age of seventeen years, and the defendant *Staples* was appointed his administrator. The present action was brought by the heirs at law of John McLachlan against *Staples* and *McKay*, and

the complaint alleged in addition to the above facts, that each of the defendants had money of James McLachlan in his hands at the time of the death of said James, for which neither of them had in any way accounted; that they had caused the personal property of the estate of said James to be inventoried and appraised at much less than its real value; that they, or one of them, had received the rents and profits of the real estate which had belonged to said James, amounting to about $400 or $500 a year, ever since his death; that neither of the defendants ever made any settlement of said estate or rendered any account of the moneys which had so come to his hands, but had appropriated the same to his own use; that *Staples* had presented a claim in his own favor against said estate for over $100 and *McKay* had presented a claim for $88.00 and procured their allowance, although the estate was not indebted to either; that no guardian was ever appointed for said John, but that said *Staples* had assumed, without authority, to guide and direct him and his affairs; that after the death of said John, said *Staples* procured himself to be appointed administrator of his estate; that with a view to defraud said estate he obtained from the probate court the appointment of commissioners to examine and adjust claims against it, and fraudulently procured from them an allowance of an account in his favor against the estate for over $3,000; that the charges in the account were enormously exorbitant, and the amount justly due to him did not exceed $500; that the plaintiffs were residents of a foreign country, and that no notice of the presentation of said claims was given to them; that the time for appealing from the allowance of said claims had long since elapsed; that said *Staples* was seeking to have the real estate of said John McLachlan deceased, sold by an order of the county judge, for the payment of the claim so allowed in his favor against the estate of the said John; that the only property belonging to said John at his death was that devised and bequeathed to him by his father, and the same was at that time, and still continued to be, in the possession of the defendants, or of one of them; and that the estate of said John was not indebted to any one except *Staples*, and no other claim had been allowed against it.

January Term, 1861.

McLACHLAN et al.
v.
STAPLES et al.

A copy of the account of *Staples* against the estate of John McLachlan was made part of the complaint; and over $2,300 of it consisted of charges for boarding, washing, and attendance upon said John for about four years and a half, during his sickness, at the rate of $12 per week. The will of James McLachlan directed that the executors should retain the possession of the real estate during the minority of John McLachlan, for his interest and benefit. The complaint demanded judgment, that the defendants account to the plaintiff concerning the matters aforesaid, and that whatever might be found due from them to either of the said estates, should be paid to the plaintiffs as the heirs of said John; that the defendants account to the plaintiffs for the use and occupation of said real estate since the death of said James, and that the allowances of said claims in favor of each of the defendants be set aside, &c.

The defendants demurred to the complaint, on the grounds that the circuit court had no jurisdiction of the subject matter of the suit; that the complaint was multifarious; and that it did not state facts sufficient to constitute a cause of action. The circuit court sustained the demurrer.

*N. H. Joy*, for appellants, in support of the jurisdiction of the court, cited 1 Story's Eq. Jur., §§ 530–543; 2 id., § 1058; Willard's Eq. Jur., 490, 560–569; 1 Johns. Ch. R., 494, 510, 527; 4 id., 303; 2 Cow., 73. The allowance of a claim by the probate court is not conclusive upon a court of chancery, upon a bill seeking relief against the claim. 19 Vt., 403; 8 U. S. Dig., 117, § 5.

*Sanders & Ladd*, for respondents, contended that the county court had jurisdiction over the matter in controversy. Constitution, art. VII, sec. 2; Rev. Stat., 560–570, 578, sec. 2, and 648. The appellants' only remedy was by appeal from the county court. R. S., 650, sec. 24; 651, sec. 29; 654, secs. 54, 55. After jurisdiction is once acquired by a court of limited jurisdiction, its proceedings cannot be collaterally impeached, however irregular or erroneous. 12 Ohio, 253, 271; 15 id., 435, 443; 2 How. (U. S.), 308. As to the objection for multifariousness, they argued that a cause of action against two or more persons as executors of

A, could not be joined with a cause of action against one of such persons as administrator of the estate of B. 12 How. Pr. R., 419; 11 id., 242; 1 Code R. (N. S.), 303; 20 Barb., 442; 21 id., 245. *McKay* cannot be held to account for the property which *Staples* took as the administrator of John McLachlan. The defendants must first account to John McLachlan's representative for the estate of their testator; and *Staples* is alone liable to account for the estate of his intestate. The claims set up are of so different a character that they cannot properly be litigated in one action. 1 Van Santv. Pl., 678. This is a good ground of demurrer. 2 Mad. Ch., 234; Mitf. Pl., 147. The general rule on the subject is laid down in *Fellows vs. Fellows*, 4 Cow., 697; 5 Paige, 65.

*By the Court*, COLE, J. We are satisfied that the allegations of fraud contained in the complaint, are sufficient, if true, to set aside the allowance and settlement of *Staples'* account against the estate of John McLachlan, made before the probate court. The allegations are rather general, but perhaps they are as specific as the nature of the case will permit. It is averred in substance, that he, desirous of defrauding the heirs at law of John, obtained letters of administration upon his estate, and with a fraudulent purpose got commissioners appointed to allow claims against that estate; that he presented his claim amounting to over three thousand dollars, and by fraudulent representations that it was justly and honestly his due, got the same allowed, &c. A copy of that account accompanies the complaint, and it certainly looks very suspicious, and tends strongly to sustain the allegations that fraud was used in procuring such a claim to be allowed. It may be susceptible of explanation, but upon its face it looks like a most unjust and unconscionable claim. If it can be shown that its allowance was obtained by fraud, then it can be impeached and set aside. For it is well settled that equity will relieve against judgments and decrees obtained by fraud. 1 Story's Eq. Jur., sec. 252; Willard's Eq., 160, and cases cited in notes.

But it is objected that several causes of action have been

improperly united, by joining causes of action against the respondents as executors of the last will and testament of James McLachlan, with a cause of action against *Staples*, as administrator of the estate of John McLachlan. This objection presents a question of some difficulty, but we think it is not insuperable.

The primary object and purpose of the action is to set aside the allowance of the claim of *Staples* against the estate of John McLachlan deceased, and to have him account for the moneys and property which have come into his hands as administrator of that estate. Now it is absolutely necessary and essential for the accomplishment of this object, that the executors of the estate of James McLachlan settle their account as executors, before it can possibly be known with what amount *Staples*, as administrator, should be charged. He was executor of one estate and administrator of the other. What he has received as executor and what as administrator, can only be ascertained on a settlement of the two accounts. There was an obvious impropriety in his being appointed administrator of John's estate. For the administrator of the last estate was the person to look after and attend to the settlement of the executors of James' estate. It is evident there must be a considerable amount of rents and profits from the real estate. What has become of them? Who is to be charged with them, the executors of the estate of James McLachlan or the administrator of the estate of John McLachlan? As *Staples* has been acting in both capacities, there is a complete confusion in the transactions and affairs of the two estates. Had the executors settled their account as they should have done, there would then have been no necessity for making *McKay* a party to this action. Now, although *McKay* is not implicated in the alleged fraud of procuring an unfounded claim to be allowed against the estate of John McLachlan, yet he is a necessary party to some portion of the case. For there cannot be a full accounting on the part of *Staples* without the previous administration is settled. It seems, then, impossible to proceed against *Staples* without *McKay*. The affairs of the two estates have become so blended and mixed together that there cannot be a settle-

ment of the one without a settlement of the other. We are
therefore of the opinion that the objection of multifarious-
ness cannot be sustained. Besides, it is stated by Mr. Jus-
tice Story, in his work on Equity Pleadings, after a full re-
view of the authorities, that there is not any positive, inflex-
ible rule as to what, in the sense of the courts of equity,
constitutes multifariousness, which is fatal to the suit on de-
murrer. These courts always exercise a sound discretion in
determining whether the subject matters of the suit are prop-
erly joined or not, and whether the parties, plaintiffs or de-
fendants, are also properly joined or not. It is not very
easy, he adds, *a priori*, to say what is or what ought to be
the true line regulating the course of pleading on this point.
All that can be done in each particular case, as it arises, is
to consider whether it comes nearer to the class of decisions
where the objection is held to be fatal, or the other class,
where it is held not to be fatal. And in new cases it is to
be presumed that the court will be governed by those anal-
ogies which seem best founded in general convenience, and
will best promote the due administration of justice, without
multiplying litigation on the one hand, or drawing suitors
into needless and oppressive expenses on the other. Sec.
539; see also secs. 271 to 286. It appears to us that there
is no way so convenient, or attended with so little ex-
pense, for settling the estates of James McLachlan and John
McLachlan, as to settle them together in this action. All
that *McKay* can complain of, in being joined in the suit, is
that he has no interest in the litigation about John's estate.
But there must be a settlement by him and his co-executor,
as incidental to the main purpose of this action, and a full
accounting by *Staples* as administrator.

We therefore think the demurrer to the complaint on the
ground of multifariousness was improperly sustained.

The order of the circuit court sustaining it must be re-
versed, and the cause remanded for further proceedings.