## DOUGLASS *v.* MAYOR AND COMMON COUNCIL OF THE CITY OF PLACERVILLE.

CHARTERS of municipal corporations are special grants of power from the sovereign authority, and must be strictly construed. Whatever is not given expressly, or as necessary means to the execution of expressly given powers, is withheld.

The charter of the city of Placerville (Stat. 1859, 77) does not authorize the authorities of the city to levy and collect a tax for making a survey of a railway route from that city to Folsom. The argument that a railroad extending from or to the city is as much a means of *municipal* benefit as a street in the city, gas or water works, and that the length or extent of the road is not important in this respect—the *municipal* character of the work depending on its adaptation to the benefit of the municipality—is conclusively met by the fact that, whether this be a *municipal* work or not, it is not a work authorized by the charter, neither expressly, nor by necessary implication.

As to the point that the payment here was voluntary and therefore cannot be recovered back, see facts and opinion.

APPEAL from the Eleventh District.

A suit to enjoin the Mayor and Common Council of the city of Placerville and the Treasurer from paying over money collected by a tax to survey a railroad route from that city to Folsom.

The complaint avers, in substance, that plaintiff is a citizen and tax payer of Placerville, and brings this suit for himself and other citizens interested; that the Mayor and Common Council, on the twenty-eighth of December, 1859, passed a resolution in accordance with section twenty-four of the charter, (Statute 1859, 77) informing the Mayor that it was expedient and for the interest of the city to collect by tax $3,000 to survey said railroad route; that in accordance with said section a vote of the people was taken as to the levy of the tax, and resulted in favor thereof; that the Council accordingly levied a tax of forty-two cents on the hundred dollars for that purpose, which the Tax Collector is proceeding to collect, having already collected and deposited with the County Treasurer about half the amount; that the Council made an agreement with defendant Lewis to survey said route for said $3,000, and that the survey has been completed; that the route lies without the limits of said city, being from twenty-eight to thirty-two miles long; that plaintiff paid his proportion of the tax, two hundred and nine dollars and seven cents, under protest; that the money collected is now in the hands of the Treasurer, and will, when all collected, be paid over to said Lewis. Prayer that all the proceedings of the Mayor and Common Council in this behalf, including the agreement with Lewis, be declared void, and that the Treasurer be enjoined from paying over the money, and that the same be held subject to any judgments the different tax payers may recover for the same, or be paid into the General Fund. Demurrer that the complaint does not state facts sufficient to constitute a cause of action. Overruled; and, defendants concluding to stand on demurrer, final judgment that plaintiff recover his costs; that all the proceedings relative to levying and collecting the tax, and the agreement with Lewis, be declared void; and that the Mayor and Common Council and Treasurer and their successors be forever enjoined from paying Lewis said sum of $3,000, or any portion thereof.

Defendants appeal.

*John Hume*, for Appellants.

I.   The Act of March 7th, 1859, incorporating the city of Placerville, authorized the Mayor and Common Council of that city to pass the preamble and resolutions of December 28th, 1859, in complaint set forth.    (Stat. 1859, ch. 93, sec. 24, 82.)

II.   Said statute of incorporation, and the said authority thereunder created, were constitutional and valid.   (*Pattison* v. *Supervisors Yuba County*, 13 Cal. 175, 186–9, and cases there cited; *Sacramento* v. *California Stage Co.*, 12 Cal. 138.)

III.   Plaintiff having paid the tax in question voluntarily—that is, without coercion or duress, cannot recover it back nor maintain this action, even though he nominally protested.   (*Preston* v. *Raston*, 12 Pick. 13; *Smith* v. *Reedfield*, 27 Me. 147; *Amesbury* v. *Amesbury*, 17 Mass. 461.)

*S. W. Sanderson*, for Respondent.

I.   A corporation has no powers except such as are expressly granted in its charter, and such auxiliary powers as are necessary to the proper exercise of the powers expressly conferred, and it is strictly limited to the exercise of such powers; and all charters or statutes creating corporations are to be strictly construed.   (*Penn. Railroad Co.* v. *Canal Commissioners*, 21 Penn. 9–22; *Beatty* v. *Knowles et al.*, 4 Peters, 152, 168; *Low* v. *City of Marysville*, 5 Cal. 214; *Blair* v. *Perpetual Ins. Co.* 10 Mis. 559; *Young* v. *McKenzie et al.*, 3 Geo. [Kelly] 31; 13 Pet. 519; *The People &c.* v. *Utica Ins. Co.*, 15 Johns, 357; 7 Geo. 221; 22 Conn. 552)

II.   The charter of the City of Placerville (statutes of 1859, 77) does not grant to the Common Council the powers attempted to be exercised by them in this case.   (2 Kent, 275; *Phillips* v. *State*, 15 Geo. 518; *Holbrook* v. *Holbrook*, Pick. 248; 4 Pet. 152, 169; *New London* v. *Brainard*, 22 Conn. 552; *Hodges* v. *City of Buffalo*, 2 Denio, 110; *Bergen* v. *Clarkson*, 1 Halsted, 359.)

[In support of the above proposition counsel filed an argument, the substantial features of which are adopted in the opinion of the Court.]

III. The remedy adopted here is the proper one. (*Pattison* v. *Yuba Co.*, 13 Cal. 175; *Falkner* v. *Hunt & Co.*, 16 Id. 169; *People* v. *El Dorado Co.*, 11 Id. 170.)

*Winans,* also for Appellants, in reply.

Respondent's main proposition is: " The charter of the city of Placerville does not grant to the Common Council the power attempted to be exercised in this case." We take no issue with respondent on his law; we only suggest that it is inapplicable to the case at bar. Section 23d of the Act incorporating the city of Placerville, subdivision 20th, provides that the Common Council have power " to make all necessary contracts and agreements for the benefit of the city; to contract debts on the faith and credit of the city," but prohibits the contraction of any liability which shall exceed, with other liabilities, the estimated revenue, except as provided in section 24th. Section 24 provides that, " whenever, in the opinion of two-thirds of the members of the Common Council, it shall be expedient, or for the interests of said city to collect by tax, for any purpose whatever, a larger sum of money than before authorized," they shall take an express vote of the people thereupon and act according thereto. This power, therefore, being very general in its character, is closely guarded; two-thirds of the Common Council must deem its exercise expedient, and then the people must affirm it by a vote. It is obvious, therefore, that it cannot be as respondent contends, for the discharge of the ordinary municipal functions of the Council, since, in order to keep the government in motion, they would require to be embraced within the scope of the annual revenue. The provision is designed to meet extraordinary cases and enable the corporation to raise funds, as the language itself says, " for any purpose whatever," whenever, in the opinion of two-thirds of the Council, and of a majority of the people, as expressed by their vote, it is expedient, or for the interests of the city, to do so. Under such circumstances, the provision is broad enough to embrace purposes not municipal in their character; much more, then, does it embrace a case like the present, which is not only for the interests of the city, but lies clearly within the scope of its municipal jurisdiction, although not wholly within her territorial limits.

Douglass *v.* Mayor of Placerville.

Independently of this view, " the power to make all necessary contracts and agreements for the benefit of the city " clothes the Council with jurisdiction in this case. To determine what is for the benefit of the city is necessarily left to their discretion, and unless they grossly abuse that discretion by engaging in objects entirely foreign to their municipal character, their action. is within the express authority of the Charter, however strictly construed it may be. These views are only presented to meet respondent's claim, that the appropriation to appellants was not a municipal object, for if it were such, then clearly it is within the scope of the Charter. ( *City of Aurora* v. *West*, 9 Ind. 74.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The main question in this case is of local interest, and the principle of general importance. The errors assigned involve the question of the right of the authorities of the city of Placerville to levy and collect a tax for making a survey of a railway route from that city to Folsom. The argument on both sides has been thorough and able.

Two points are made : 1. That the proper construction of the charter of Placerville does not give this power. 2. If it did, that the act is unconstitutional.

1. As to the charter. The rules of construction of charters have been often given in this Court and others. They are special grants of power from the sovereign authority, and they are to be strictly construed. Whatever is not given expressly, or as a necessary means to the execution of expressly given powers, is withheld. (See *City of Oakland* v. *Carpentier*, 13 Cal. 550.)

The act of incorporation of the city of Placerville was passed March 7th, 1859. (See Statutes of that year, p. 77.) By section twenty-three the powers of the Common Council are defined. * * 2. To levy taxes on all property within the city, both real and personal, not to exceed two per cent., etc. 3. To lay out, extend and alter the streets and alleys ; provide for the grading, draining, cleaning, widening, lighting, or otherwise improving the same ; and to provide for the construction, repair and preservation

of sidewalks, bridges, drains and sewers, and for the prevention and removal of obstructions from the streets and sidewalks.    *    *    * Sec. 20.  To make all necessary contracts and agreements for the benefit of the city, to contract debts on the faith and credit of the city, etc.    *    *    Sec. 24.  Whenever, in the opinion of two-thirds of the members of the Common Council elect, it shall be expedient for the interests of the city to collect by tax, for any purpose whatever, a larger sum of money than is hereinbefore authorized to be levied and collected, they shall, by resolution, inform the Mayor of the amount of money proposed to be collected, the rate per cent. necessary to be levied, etc.   The remainder of the section prescribes the course of proceeding, provides for an election, etc.

Upon looking into the Act, it seems to prescribe in detail the various powers confided to the Council.   We find no express provision for building a railroad beyond the city limits, nor for authorizing a survey.   Indeed, unless we concede the power to make or to take stock in the proposed railroad, we see no pretense for the authority to make the survey.   Nor do we find any power given in the charter to which this asserted power is auxiliary.   Much discussion has been had at the bar as to the proper definition of the word municipal, as applied to a corporation, or a work of this sort. It has been argued that a railroad extending from or to the city is as much a means of *municipal* benefit as a street in the city, or works created for introducing light or water into the city, and that the length or extent of the road is not important in this respect ; the main thing which fixes the municipal character of the work being its adaptation to the benefit of the municipality.   Whatever force there may be in this argument, it fails to meet the requirements of the case.   The argument of respondent is, that whether this be a municipal work or not, in this sense, or in any proper sense of the term, it is not a work which the charter has authorized.   We must take the charter in the clauses which make the specific grants of power to the Council as conclusive of the extent of those powers, unless there be others necessary to carry these express powers into execution.   We have given the substance of the sections bearing upon the case at bar.   Certainly there is

Douglass *v.* Mayor of Placerville.

nothing in the authority to lay out streets, etc., which conveys the right to construct or survey the route for a railroad to Folsom. If such power exists, the Common Council could as well subscribe for, or survey the route of the Pacific and Atlantic Railroad. The twentieth subdivision does not give the power. The making of all necessary contracts and the contracting of debts is not an independent power; if so, it makes all the specific grants in the previous subdivisions useless, and, as a limitation or direction, nugatory; for an unlimited power of contracting would itself be at once an absolute power over the whole property of the city, and embrace every object for which the express powers were given. The true construction then to be given is, to hold the twentieth subdivision as a mere auxiliary provision to the twenty-third section; and this gives effect to the whole Act in all its parts, and limits the contracts and contracting to the objects specifically given in that section. Nor does the twenty-fourth section give the power. That section is not an extension of the powers before given, but a limitation upon those powers. It does not authorize a tax for any new object, but it limits the taxes to a certain extent (except in a given category) even for those objects. The general phrase, "for any purpose whatever," was obviously not meant to extend the taxing power to objects foreign to the corporation, but to limit that power, except in a given event, even in respect to corporate objects; the meaning of the phrase being as if it read, "for any object whatever within the purview of the corporate powers before given." The rule of construction is that general words in a proviso limiting or qualifying a previously granted power are never to be construed as an enlargement of the power.

It becomes unnecessary to consider the other questions. The last point, as to voluntary payment, etc., has been passed upon heretofore.

Judgment affirmed.