HELMS vs. McFADDEN and others.

In an action to restrain a school district board from paying wages to a teacher employed by them, the complaint alleged that the "certificate" of the county superintendent held by said teacher, and her contract with the board, had been obtained by fraud; but this court presuming from the complaint (on demurrer), in the absence of any allegation to the contrary, that the plaintiff was aware of the several acts of fraud at about the time when they were committed, and had made no effort to have the certificate revoked by the superintendent, and the action not having been commenced until said employee had taught under her contract about two months : *Held*, that the plaintiff must be regarded as having acquiesced in the fraud, by her delay, and that she was not entitled to the interference of a court of equity.

APPEAL from the Circuit Court for *Dane* County.

The plaintiff, "a resident householder, freeholder and tax payer in school district No. 6 in the town of Fitchburg, in said county," brought this action on her own behalf and that of all other tax-payers in said district, against the district board, the several officers composing the same, and one *Sarah Christie*, to restrain the other defendants from paying the defendant last named any sum from the public school money in their hands as a compensation for teaching the district school for a period of three months, and to restrain said last named defendant from collecting such compensation by suit or otherwise. The ground upon which this relief was sought, was, in substance, that said *Sarah*, at the time of teaching the school, and at the time of contracting with the board to do so, "had no certificate in force, of her qualification as a teacher, as required by law, from the county superintendent of the district in which said school

district No. 6 is situated, nor from any person empowered to grant such certificate." The complaint then alleges that at an examination of persons desiring teacher's certificates, held in said town by the district superintendent, April 29th, 1862, numbers were drawn by the several persons examined, which were to be written (instead of their names) upon their several examination papers; that said *Sarah* drew the number "six," and marked her papers accordingly; that no certificate was awarded to that number; that a certificate was awarded to number "two"; that the person holding that number was temporarily absent when the award was announced, and said *Sarah* thereupon falsely claimed to hold that number, and thus fraudulently obtained a certificate; that by this means she deceived the school board and procured herself, by contract entered into the next day, to be employed as teacher of the school in said district; that she was in fact incompetent to teach said school, and the same was for that reason of no benefit to the district, &c.; that there was reason to believe that the district board intended, nevertheless, to pay her the wages agreed upon for teaching said school; and that in case such payment should be made, no judgment against said *Sarah* for the amount thereof could be collected. It appears from the complaint that the term of said school taught by the defendant *Sarah Christie* commenced on the 5th of May, 1862, and was to continue three months; and said defendant was to be paid $10 per month. This action was commenced in July of the same year. There is no allegation as to the time when plaintiff was first informed of the alleged fraud on the part of the said defendant.

The defendants demurred to the complaint on the grounds, 1. That the court had no jurisdiction of the subject of the action. 2. That there was a defect of parties plaintiff, there being no reason assigned in the complaint why all the tax payers of the district should not be made parties. The action should be brought, if at all, for the public, in the name of the town superintendent of schools or other public officer. 3. That the

complaint did not state facts sufficient to constitute a cause of action. (1) It did not show any special damage to the plaintiff more than that suffered by the other tax payers. (2) The defendants, except *Sarah Christie*, were public officers, and as such could not be enjoined in the performance of official acts. (3) The injury complained of could be amply compensated by damages. (4) The district board could not be restrained from contracting, or fulfilling a contract, with a person actually possessed of a certificate that she was a qualified teacher.—The demurrer was overruled; and the defendants appealed.

*Stevens & Lewis*, for appellants:

1. It has long been the settled practice of courts of equity not to interfere with the action of subordinate public jurisdictions. *Mooers v. Smedley*, 6 Johns. Ch., 28; *Wiggin v. The Mayor &c.*, 9 Paige, 16; *Van Doren v. The Mayor*, id., 388; *Montague v. Horton*, 12 Wis., 599–604. 2. Suits cannot be maintained by private individuals having only a common interest in the subject of controversy, to restrain the action of public officers. *Doolittle v. Sup'rs Broome Co.*, 18 N. Y., 155; 6 Hill, 616; 6 Met., 425; 4 Blacks. Comm., 167; 19 Conn., 128; 12 Pet., 91; 17 Conn., 372; 14 id., 565; 13 Barb., 209–220; *Frewin v. Lewis*, 4 Mylne & Cr., 254; *Carpenter v. Mann*, 17 Wis., 155; Willard's Eq. Jur., 406; Story's Eq. Jur., 955, a; 2 Wis., 384; 4 id., 466. 3. Such actions are against the policy of the law. In this action the interest of the plaintiff is merely nominal. In her complaint she states the amount due *Sarah Christie* to be thirty dollars, but in reality it was but $18 or $20. In either case the interest of the plaintiff would not amount to more than fifty cents. The action was not brought by the plaintiff to protect herself from irreparable wrong and loss of property, but from motives of malice. We do not think it is the duty of courts of equity to lend themselves to such purposes. The statutes of this state have provided for the revocation of teachers' certificates, and as moral character is made one of the essential qualifications of a teacher, a fraud of the kind mention-

ed in the complaint would be a sufficient ground for revoking the certificate—a remedy efficacious and inexpensive, while to commence a suit of this kind would cost the district more than the whole amount of the teacher's wages; and the plaintiff in this suit, had she succeeded without opposition in obtaining the relief prayed for in her complaint, would,have been compelled to pay more in taxes as her proportion of the judgment, than she is called upon to pay as her proportion of the teacher's wages. We do not believe this court will tolerate suits of this kind. R. S., ch. 23, secs. 28, 47, 56–7–8. An injunction will not lie to protect an interest merely nominal. 22 Barb., 414; 3 Abbott's Pr. R., 262; 14 Conn., 565; 13 Wis., 641. In this case the plaintiff has an adequate remedy at law. 23 Pick., 205 : 6 Metcalf, 428. The allegation in the complaint that the defendant *Sarah Christie* is pecuniarily irresponsible, does not entitle the plaintiff to seek her redress by injunction. *Watson v. Hunter*, 5 Johns Ch., 169 ; *Thompson v. Matthews*, 2 Edw., 212.

*By the Court*, COLE, J. The chief difficulty we have had with this case grows out of the delay of the respondent. The fair implication of the complaint is, that she was fully cognizant of the fraud of *Miss Christie* in procuring the certificate and in obtaining the contract from the school board, at or about the time it was committed. If she was apprised of the fraud when committed, she should have moved promptly in the matter, and not have waited until a greater portion of the services had been rendered. *Miss Christie* had taught something over two months before this suit was commenced. Now we must assume that *Miss Christie* obtained the certificate from the superintendent, and the contract, through fraud and misrepresentation, as stated in the complaint. But notwithstanding all this, if the tax payers of the district were cognizant of the facts, and, knowing that she was incompetent, permitted her to go on and teach the school until the contract was

nearly fulfilled on her part, ought they then to say she should not be paid for the services rendered? It appears to us that under such circumstances they ought to be held to have acquiesced in the fraud. The law provides a very summary way for annulling a certificate improvidently granted. If *Miss Christie* obtained a certificate from the superintendent through fraud and deception, he would doubtless have promptly recalled it on a proper representation of the facts to him. No steps were taken by any one interested in the school to have the certificate annulled. Nor were any proceedings taken to set aside the contract made by the district board with her, and to restrain the payment of the wages, until the contract had been nearly performed by the teacher. What other inference can be drawn from all this than that the respondent was guilty of unreasonable delay in applying for relief? That she suffered the teacher to go on in the performance of the contract until she had taught the school for more than two months, and then objects to her having any compensation for her services? It appears to us that this does not furnish a very strong ground for the equitable interference of a court. The complaint should show that the appellant was guilty of no delay; that she did not in any manner acquiesce in the fraud, but moved promptly to redress it as soon as it was discovered. As the complaint does not show this, but rather authorizes a contrary inference, we think it defective in substance for not stating facts sufficient to constitute a cause of action.

The order of the circuit court overruling the demurrer is reversed, and the cause remanded for further proceedings according to law.