Normand v. Otoe County.

JULIUS NORMAND ET. AL., APPELLANTS, V. THE BOARD OF COUNTY COMMISSIONERS OF OTOE COUNTY, APPELLEES.

1. **Injunction.** Where public officers are proceeding under a claim or color of right to impair either private or public rights, an injunction may be granted to restrain them.

2. ——: WHO MAY MAINTAIN. Tax payers of the proper county may maintain an action for themselves and all other tax payers of the county, to restrain the county commissioners from an illegal exercise of their powers to the injury of such tax payers.

3. ——: RELIEF GRANTED. To entitle a party to such relief, it must appear that his rights will be greatly or irreparably affected by the acts sought to be restrained, and the right must be clear and the remedy at law inadequate.

APPEAL from Otoe county. Tried below before POUND, J. The facts appear in the opinion.

*S. H. Calhoun* and *Covell & Ransom*, for appellant, cited *Minturn v. Larue*, 23 How., 436. *Bradford v. The State*, 7 Neb., 109. *Inhabitants of Greenville v. Seymour*, 22 New Jersey Equity, 458. *Lawson v. Schnellen*, 33 Wis., 288.

*Mason & Whedon*, for appellees, cited *Camp v. Matheson*, 30 Georgia, 170. *Whitlesey v. Hartford*, 23 Conn., 421. *Finley v. Thayer*, 42 Ill., 350. *Laughlin v. The President*, 6 Ind., 223. *Thibodeaux v. Wright*, 3 La. An., 130. *Arnold v. Klepper*, 24 Mo., 273. *Rogers v. Michigan R. R. Co.*, 28 Barb., 539. *Winnipisiogee Lake Co. v. Worster*, 29 N. H., 433.

MAXWELL, CH. J.

The plaintiffs complain of the said defendants, because "on or about the 9th day of February, 1877, at Nebraska City, the county seat of said Otoe County, in

the State of Nebraska, the defendants, conspiring and confederating together to wrong, harass, annoy, and vex the said plaintiffs, did enter into an agreement, whereby the said board of county commissioners of Otoe county were to begin in the district court of the second judicial district of the state of Nebraska, sitting in and for Otoe county, a civil suit against these plaintiffs and certain others, pretending to claim from said plaintiffs the sum of three thousand nine hundred and sixty-five dollars and thirty-five cents, together with interest thereon from the sixth day of April, A.D. 1874, at the rate of ten per cent per annum; and the said O. P. Mason, who then was and still is an attorney at law, regularly admitted and practicing in said court, was to act as the attorney for the said board of county commissioners, in and about the conducting and prosecuting the said suit, and the collection of the judgment, if any was obtained, against the plantiffs; that the said board of county commissioners of Otoe county were to pay all the costs of said suit, and were to pay the said Mason twenty per centum of all the moneys he should collect from these plaintiffs, which money would include the costs advanced.

That the said board of commissioners and the said Mason well knew at the time they made said agreement that their pretended claims had been examined into by the board of county commissioners of said Otoe county, and had been deemed worthless and invalid as against these plaintiffs, that said pretended claim was founded on the act of James Thorn in his capacity as treasurer of said county of Otoe in depositing in the banking house of J. A. Ware, then a banker doing business in Nebraska City in said Otoe county, certain funds which were in his custody as such treasurer, and which said bank subsequently failed, and paid to its creditors only about thirty-seven per centum of

their debts, such failure having occurred after the term of office of the said James Thorn as such treasurer had expired, and after his successor in office had taken possession thereof and had entered upon the discharge of his duties therein, and that the board of county commissioners of said Otoe county had been paid by the assignees of said bank the dividend realized from the assets thereof, and that the said James Thorn was not liable to said board of county commissioners in any sum whatever, nor were any of these plaintiffs, all of whom were bondsmen of the said James Thorn as such treasurer, liable to the said board of county commissioners of said Otoe county. Plantiffs further represent that they are and each of them is a resident in and tax payer of said Otoe county, that the price agreed upon by and between said defendants to be paid said Mason for his services as attorney in said cause is extravagant and exorbitant and is a waste of public money, and that said contract and agreement made and entered into by and between the said defendants in pursuance of and in accordance with their said illegal and void contract and agreement, and of said conspiracy to harass, vex, and annoy these plaintiffs, did on the 17th day of April, 1877, commence in the district court of the second judicial district of the State of Nebraska, sitting in and for Otoe county, the civil suit in which the said board of county commissioners of Otoe county are plaintiffs, and these plaintiffs, together with James W. Conger, J. A. Ware, John H. Croxton, and J. B. Bennett, all of whom, together with these plaintiffs, were defendants, to recover the said sum of money so as aforesaid pretended to be due from the said defendants in said action, and are still prosecuting said suit under and in accordance with the said illegal contract.

Plaintiffs further represent that if the said suit is

allowed to progress under the said illegal contract they will be put to great trouble and expense and annoyance in and about the defense thereof, and that said suit will result in an unlawful waste of the public moneys of said Otoe county, whether the same shall be finally decided in favor of the plaintiffs or the defendants therein, wherefore plaintiffs pray for an injunction restraining said defendants from proceeding in said cause, and for a decree declaring said contract null and void, etc.

The defendant demurred to the petition upon the ground that the facts stated therein did not constitute a cause of action. The demurrer was sustained and the cause dismissed. It is brought into this court by appeal.

The rule is well settled, that where public officers are proceeding under a claim and color of right to impair either public or private rights, or where their proceedings will result in great injury to private citizens without any corresponding advantage to the public, or. to prevent a multiplicity of suits, an injunction will be granted. High on Injunctions, § 796. *Green v. Green* 34 Ill., 320. *Mohawk, etc., v. Artcher*, 6 Paige, 83. *Johnson v. Hahn*, 4 Neb., 149.

That tax payers of the proper county may maintain an action for themselves and all other tax payers of the county, to restrain the county commissioners from an illegal exercise of their powers to the injury of such tax payers, there is no question; but to entitle a party to such relief, it should appear that his rights will be greatly or irreparably affected by the acts sought to be prevented. *City of New York v. Mapes*, 6 Johns. Chy., 46. And an injunction will only be granted where the right is clear and the remedy at law inadequate. *Coffee v. Brunton*, 5 McLean, 257. *Smith v. Cummins*, 1 Fish, 152.

The plaintiffs in this action are defendants in an ac-

tion on the official bond of James Thorn, a former treasurer of Otoe county, this suit being brought to enjoin the prosecution of that action, upon the ground that the price agreed to be paid Mason is extravagrant, and exorbitant, and a waste of public money, and that the contract with him is illegal and void. The injuries which the plaintiffs allege they will sustain as *tax payers*, by reason of the prosecution of the action, are entirely insufficient to authorize the granting of an injunction. To authorize the interference of the court, the injury must be great or irreparable, and as the petition entirely fails to show such threatened injury, the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.