Nevil and another vs. Clifford and others.

*April 11 — May 10, 1882.*

PLEADING.  *(1) Misjoinder of parties: how objection taken.  (2) Complaint construed on demurrer* ore tenus.

JUDGMENT:   SCHOOL DISTRICT:   EQUITY.  *(3) Judgment against school district: when it binds tax-payers.  (4) When set aside at suit of tax-payer.*

1. The question of a misjoinder of parties plaintiff cannot be considered upon demurrer to the complaint as not stating a cause of action, or upon objection at the trial to the reception of any evidence under it; and in a complaint by tax-payers of a school district to restrain the assessment of a tax, an averment that plaintiffs have brought the suit on behalf of all the other tax-payers of the district, is immaterial under the general demurrer, if a cause of action is stated in favor of the plaintiffs named, or either of them.

2. On demurrer to the complaint *ore tenus*, at the trial, an averment that the plaintiffs are "resident tax-payers and voters" in the school district, is construed as meaning that they own taxable property in such district.

3. A judgment against a school district, founded upon a complaint duly filed and an answer of the trustees admitting the plaintiff's averments, shows on its face a valid claim against the district, and binds the tax-payers, unless set aside.

4. A complaint, therefore, which shows that such judgment was obtained by persons who had no legal or equitable claim against the district, through fraud and collusion with the district officers, states a good cause of action in equity in favor of a tax-payer of such district for setting the judgment aside, and restraining the collection of a tax to pay it; and the complainant need not wait until his property is seized for the tax.

APPEAL from the Circuit Court for *Rock* County.

Action to set aside a judgment obtained by *Frank* and *John W. Clifford* against school district No. 1 in the town of Magnolia, and to restrain the collection of a tax upon the property of said district to pay such judgment. The complaint alleges that the plaintiffs "are resident tax-payers and voters" in said district, and that they bring the action as well in their own behalf as in that of other tax-payers, property owners and voters in said district, who may be similarly interested in the matters set forth in said complaint. It then alleges the corporate character of said school district, and the official character of the defendants J. B. Hartley and Wilson Brown as clerk and treasurer, respectively, of said town of Magnolia. It then alleges "that the defendants *Frank Clifford* and *John W. Clifford,* under some pretended and fraudulent contract or agreement claimed by them to have been made with the district board of said school district No. 1, erected, at a cost of about $680, a school building upon a site and location other and different from the one heretofore and now owned by said school district; that the district board of said school district either has [accepted and occupied] or is about to accept and occupy said building as a school house, and to abandon the one heretofore and now used by said school district for school purposes; that the erection of said building by the said *Frank Clifford* and *John W. Clifford,* and its acceptance and occupation by said board for school purposes, or any other purpose, is contrary to the wishes of a majority of the electors and property

owners in said school district, as expressed in school district meetings duly held in and for said district, as was and is well known to the said *Frank Clifford* and *John W. Clifford*, and to the said district board and the several members thereof; that the tax-payers and electors of said district never authorized the erection of said building; that no tax for the erection of the same has ever been voted by said district, nor has any loan of money ever been authorized for such purpose; that the said building was erected without authority, and against the express direction of the tax-payers and electors of said district, as expressed by them at school district meetings duly and legally held in and for said district; and that the action of the said district board, and of the said defendants *Frank Clifford* and *John W. Clifford*, in the erection, acceptance and occupation of said building, was and is in fraud of the rights and interests of the electors and taxpayers of said school district."

It is then alleged, "that since the erection of said building, and on the 24th day of November, A. D. 1879, the said defendants *Frank Clifford* and *John W. Clifford* commenced an action in the circuit court of Rock county against said school district upon a pretended contract claimed to have been made by them with said school district for the erection of said building; that on said day the said defendants *Frank Clifford* and *John W. Clifford* served, or pretended to serve, upon Samuel S. Lee, the director of said district board, the summons and complaint in said action; that upon such pretended service, and on the same day, to wit, the 24th day of November, 1879, the said Samuel S. Lee, together with the other officers of said district board, filed an answer in said action, admitting all the allegations of said complaint, which said answer was sworn to by the said Samuel S. Lee as director of said board; that upon the 28th day of November, 1879, judgment was entered in said action in favor of the said *Frank Clifford* and *John W.*

*Clifford*, and against said school district, for the sum of $680.79 damages, and $79.77 costs, amounting in all to the sum of $710.56; that the said defendants *Frank Clifford* and *John W. Clifford* have caused a certified transcript of said judgment to be filed with the defendant J. B. Hartley, the town clerk of the said town of Magnolia; and that the said J. B. Hartley, as such town clerk, has assessed the same upon the taxable property in said school district, and that the same is upon the tax roll of said district; and that the said defendant J. B. Hartley, as such town clerk, either has [delivered] or is about to deliver such tax roll to the defendant Wilson Brown, the treasurer and tax collector of the said town of Magnolia, for collection."

It is further alleged, " that the said action was so commenced by the said defendants *Clifford*, the said answer filed by the said district board, and said judgments obtained and entered against said school district, by collusion and secret agreements by and between said defendants *Clifford* and said district board, and in fraud of the rights of the electors of said school district, and of these plaintiffs and all other taxpayers in said district, and was done with the intent to defraud these plaintiffs and all other tax-payers in said district, and to prevent said district and the tax-payers therein from defending said action or any action brought to enforce said pretended contract; that the said defendants *Frank Clifford* and *John W. Clifford*, and each of them, and said school board, and each and every member thereof, well knew, at and prior to the time of the commencement of said action, that it was the purpose and intention of the majority of the electors of said school district to contest payment for said building, and to defend any action that might be brought to collect the same, and that such intention had been expressed in school district meetings duly and legally held in and for said district; that these plaintiffs did not know, and they believe that no other tax-payers of said district, except the officers

of said district board, knew, that any proceedings had been. taken by said *Cliffords*, or any action commenced by them upon said pretended contract, until after judgment had been entered therein; that it was the intention of these plaintiffs, and a majority of the other tax-payers and electors in said school district, to defend and contest any such action, and that such intention had been expressed in the school district meetings duly and legally held in and for said district; that upon learning that such action had been commenced and judgment entered, a majority of the electors of said district, in a school district meeting duly and legally held in and for said district on the 3d day of December, 1879, appointed Hiram York to defend and contest said action for and on behalf of said district, and the tax-payers and electors therein, and that said action was commenced and judgment therein confessed secretly, and by collusion between said *Cliffords* and the officers of said district board, with the intent to prevent said district from interposing a defense thereto, and thereby to cheat and defraud said district, and these plaintiffs and other tax-payers therein; and that all the acts of the said defendants *Clifford*, and the district board of the said school district, are in bad faith, and in direct opposition to the interests of said school district, and of these plaintiffs and all other tax-payers and electors therein."

The complaint then proceeds: "Wherefore these plaintiffs demand judgment, as well in their own behalf as in behalf of all others, tax-payers and electors of said school district No. 1 of the town of Magnolia; that the district board of said district, their agents, servants or successors in office, and each and every one of them, be restrained and enjoined from accepting, using or occupying said building, so erected by the said defendants *Clifford*, for school purposes or any other purpose for said school district; that the said defendants, school district No. 1 of the town of Magnolia, J. B. Hartley, town clerk of the said town of

Magnolia, and Wilson Brown, treasurer and tax collector of the said town of Magnolia, their agents, servants and successors in office, be restrained and enjoined from proceeding in any way or manner to collect the said tax so levied and assessed to pay the said judgment as aforesaid, or any portion thereof; that the warrant, assessment, and all proceedings relating to said tax, may be adjudged to be illegal and void; that the judgment so obtained by the said defendants *Frank Clifford* and *John W. Clifford* may be declared to be illegal, fraudulent and void, and may be vacated, annulled and set aside; and for such other or further judgment or relief, or both, as the plaintiffs may be entitled to in the premises; and that they may have and recover their costs and disbursements in this action."

. The defendants *Frank Clifford* and *John W. Clifford* answered the complaint at great length, denying all its material allegations, and insisting upon the justness and validity of the judgment rendered against the district, and their right to have the same collected by the levy of a tax upon the taxable property thereof. When the cause came on for trial, defendants objected to the admission of any evidence under the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The objection was sustained, and judgment rendered dismissing the complaint; from which judgment the plaintiffs appealed.

For the appellants there was a brief by *Winans & Fethers*, and oral argument by *Mr. Winans*.

For the respondents there was a brief by *Ed. F. Carpenter* and *Bennett & Sale*, and oral argument by *Mr. Bennett* and *Mr. Carpenter*.

TAYLOR, J. The objections taken by the learned counsel for the respondents to the sufficiency of the complaint are the following:

It is first urged that there is an improper joinder of parties plaintiff. This is not an objection which can be taken

to a complaint, except by demurrer for that cause. Under the general demurrer that the complaint does not state a cause of action, or upon an objection on the trial to the receipt of evidence on the part of the plaintiffs because the complaint does not state facts sufficient to constitute a cause of action, the fact that there is a misjoinder of parties, either plaintiff or defendant, cannot be considered. If, therefore, a cause of action is set out in favor of any party plaintiff, the demurrer or objection must be overruled. The fact that the plaintiffs have stated that the suit is brought on behalf of all the other tax-payers of the district is immaterial, if the facts show that a cause of action is stated in favor of the plaintiffs named, or either of them. Sec. 2649, R. S. 1878; *Marsh v. Supervisors*, 38 Wis., 250; *Willard v. Reas*, 26 Wis., 540; *Schiffer v. City of Eau Claire*, 51 Wis., 385.

The second objection is, that the plaintiffs do not show that they have any interest in restraining the collection of a tax to pay the judgment in question, or that they have any interest in setting aside the alleged fraudulent and collusive judgment obtained against the district, because, it is said, they do not show that they own any property in the district which would be subject to taxation for the payment thereof. This is certainly a good objection if it be well founded. But the plaintiffs allege in their complaint " that they are resident tax-payers and voters in school district No. 1 of the town of Magnolia." Although this allegation is very general, and might be true although they were not the owners of any taxable property subject to taxation in such district, we are of the opinion that, after the defendants have pleaded to the complaint, and raised the question of the insufficiency of such allegation for the first time on the trial, it should be construed to mean that they pay taxes upon property subject to taxation in the district, and not upon property taxable in some other locality. Such construction is clearly authorized by the provision of section 2668, R. S. 1878,

which declares "that in construing a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

There would seem to be no justice in permitting a party to answer a pleading of this kind and suffer the plaintiff to go to the expense of preparing for the trial, and then turn him out of court by giving a strained construction to an allegation in his complaint for the purpose of defeating its evidently intended effect, when such allegation may be equally construed to mean that which would sustain it as a sufficient complaint, without invoking in its aid that liberality of construction which this court has repeatedly held should be given to the plaintiff's complaint upon an objection made to its sufficiency after answer and upon the trial.   See *Hazleton v. Union Bank*, 32 Wis., 34; *Lutheran Evangelical Church v. Gristgau*, 34 Wis., 328.   We think the allegations of the complaint show with reasonable certainty that the plaintiffs were the owners of property taxable in district No. 1, and were therefore interested in preventing the levy and collection of a tax to pay the alleged fraudulent and collusive judgment.

The third objection relied upon by the learned counsel for the respondents to justify the order dismissing the complaint, goes to the merits of the plaintiffs' action.   It is alleged that, admitting the truth of all the allegations thereof, the plaintiffs are entitled to no relief in equity, because, it is said, they have an adequate remedy at law for any and all injury they may sustain from the attempted enforcement of the collection of the judgment of the respondents, the *Cliffords*. Waiving any discussion upon the question of practice, as to whether it is too late for the defendants to object to the complaint because, upon the facts stated, it appears that the plaintiffs have an adequate remedy at law, we are of the opinion that the objection is not well taken upon the merits. We think the allegations of the complaint, if true, show that

the judgment obtained by the *Cliffords* against the school district was obtained without any legal or equitable claim against the district, and that it was obtained by fraud and collusion with the officers of the district; and having been so obtained, the tax-payers of said district, or any one of them, may maintain an action in equity to have such judgment set aside and vacated in order to protect themselves against the levy of a tax for the payment thereof. This judgment against the school district shows upon its face a valid claim against the district, and the tax-payers therein are bound by the same unless set aside. See *Clark v. Wolf*, 29 Iowa, 197.

Section 488, R. S. 1878, provides how a judgment against a school district shall be collected and paid. The collection is to be made on application of the person in whose favor the judgment is rendered, to the town clerk of the town in which the district is situated; and it then becomes the duty of such clerk to assess the amount thereof, with interest from its date to the time when the warrant for the collection thereof will expire, upon the taxable property of the district, in a separate column upon the next tax roll, and the same shall be collected and returned as other taxes. It will be seen that a judgment against the district affects the property rights of each tax-payer therein; and it would seem almost too clear for argument that, if the officers of the district, whose duty it is to protect and defend the rights of its tax-payers, fraudulently collude, with parties who pretend to have claims against the district, and corruptly and fraudulently permit judgments to be rendered against the district in favor of parties who have no just claim against it, the tax-payer or tax-payers may maintain an action in a court of equity to set aside and avoid such judgments. They are not bound to wait until the tax-gatherer proceeds to sell their property to pay such fraudulent and corrupt judgment, before they can proceed to defend their rights. That an action of this kind

can be maintained by a tax-payer to set aside a judgment of this kind, seems to be well settled by the authorities, and this court has substantially so held in *Peck v. School District No. 4*, 21 Wis., 516; *Helms v. McFadden*, 18 Wis., 191; *McLachlan v. Staples*, 13 Wis., 448.

In the first of these cases this court·decided that the tax-payers of a school district might maintain an action to avoid a contract entered into by the city authorities, without warrant of law, when it appeared that such contract, if carried into execution, would subject their property to taxation to discharge a liability incurred thereby. In the second case it was substantially held that a tax-payer of a school district could enjoin the payment of wages to a teacher employed by the school board, when it was alleged in the complaint that the certificate of the teacher·had been obtained by fraud, and that her contract with the board had also been obtained by fraud. And in the third case it was held that a devisee under a will might maintain an action in equity to set aside allowances which had been made by the probate court to the executor of the will. The actions in the two school district cases were maintained solely on the ground that the tax-payer had the right to protect himself by an equitable action against taxation for a claim made against the district, which was either fraudulent or illegal. There is much greater reason for allowing the tax-payer to protect himself against a judgment fraudulently obtained against the district, as there is, at least, very grave doubt whether he can protect himself in any other way. It was said on the argument that, when it was sought to collect the tax to pay the judgment, the tax-payer could defend against its payment by showing the fraudulent nature of the judgment. The judgment is upon its face a valid judgment against the district. The court rendering it had jurisdiction of the subject matter and of the district, which appeared by the proper officer appointed by law to appear and defend the action. An

action to avoid a tax levied to pay the judgment would be a collateral action, and there are very grave doubts whether in such action the fraudulent nature of the judgment could be shown in order to defeat the tax. It is certain that no recovery could be had against the treasurer of the town for seizing the property of the tax-payer to satisfy such tax; his warrant and the judgment would be a full protection to him. Freeman, in his work on Judgments, lays it down as a general rule, "that fraud in procuring a judgment or decree cannot be shown by the parties to such judgment in any collateral proceeding." Section 132; *Smith v. Smith*, 22 Iowa, 516; *People v. Downing*, 4 Sandf., 189; *Mason v. Messenger*, 17 Iowa, 261; *Carpentier v. Oakland*, 30 Cal., 439. In actions against corporations and municipalities, when the action is brought in proper form, and the officers or board required by law to represent the corporation or municipality are properly served with process or appear and answer, the judgment rendered therein binds all the members of the corporation or municipality to the same extent as though they were individually parties thereto. See *Clark v. Wolf*, 29 Iowa, 197. If the tax-payer of the municipality is to be deemed a party to the action against it, then, under the rule above stated, he would have no remedy except to proceed in a court of equity to set aside the judgment. But, independent of the question of the effect which such judgment would have upon the tax-payer of the district in a collateral action, it is well settled that he may proceed in equity to avoid the fraudulent contract or judgment itself. The decisions above cited in this court are amply supported by the authority of other courts.

Dillon, in his work on Municipal Corporations, § 919, says: "So, elsewhere, on the ground that the remedy in equity is more direct, speedy and effectual than by *certiorari*, it is held that equity will entertain jurisdiction of a bill on behalf of tax-payers to enjoin the misapplication of moneys of the corporation. Based upon such considerations, is has been de-

cided that one or more tax-payers, without showing any other injury than that which they will suffer in common with other property holders of the municipality, may file a bill to restrain the allowance and payment of an illegal claim, or the collection of a tax for unauthorized objects; such as, for example, *to pay a fraudulent or collusive judgment*, or to pay the expenses of a railroad survey which there was no power to make." The learned author, to sustain the rule above stated, cites *Crampton v. Zabriskie*, 101 U. S., 601; *Normand v. Otoe County*, 8 Neb., 18; *Page v. Allen*, 58 Pa. St., 338; *Webster v. Town of Harwinton*, 32 Conn., 131; *Oliver v. Keightley*, 24 Ind., 514; *Merrill v. Plainfield*, 45 N. H., 126; *Drake v. Phillips*, 40 Ill., 388; *Grant v. City of Davenport*, 36 Iowa, 396; *Douglass v. City of Placerville*, 18 Cal., 643; *Stevens v. Railroad Co.*, 29 Vt., 546; *Gifford v. Railroad Co.*, 10 N. J. Eq., 171; *Baltimore v. Gill*, 31 Md., 375; *Hooper v. Ely*, 46 Mo., 505; Cooley on Taxation, ch. 24; *Withington v. Howard*, 8 Cush., 66; *Town of Jacksonport v. Watson*, 33 Ark., 704; and a large number of other cases. The case of *Whiting v. Railroad Co.*, 25 Wis., 167, and a long list of other cases which have been brought and maintained to test the validity of bonds issued and taxes levied in aid of railroads, were all sustained upon similar grounds.

The plaintiffs certainly stated a good cause of action to avoid the alleged fraudulent judgment; and that was sufficient to entitle them to proceed with their case on the trial. The ruling of the court that no evidence was admissible under the complaint, and the order directing judgment dismissing the same with costs, were clearly erroneous.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings.

CASSODAY, J., took no part.