Pugsley
v.
Anderson.

*A certiorari will not lie to a justice of the peace to bring up the proceedings had under the Revised Statutes concerning encroachments on highways. In a proceeding of that kind the justice cannot pass upon the qualifications of the persons returned as jurors.*

PUGSLEY *vs.* ANDERSON and others, commissioners of highways of the town of Harrison, in the county of Westchester.

ERROR or certiorari. The *certiorari* in this case was directed to J. H. Smith, Esq. one of the justice's of the peace of the county of Westchester, in which, after a recital of a willingness to be certified of certain proceedings had before the justice on the complaint of I. Anderson, I. H. and C. C., commissioners of highways of the town of Harrison in the said county, against Richard Pugsley, touching certain pretended encroachments said to have been made on a certain highway in the said town, the justice was commanded to send to this court the written complaint and allegations of the commissioners produced and read before the justice, and the jury called to try the same; together with the written plea or answer of Pugsley thereto; the decision of the justice made on the trial; a full and true statement of the testimony produced before the justice and the jury; the inquisition made by the jury; and the judgment rendered for the costs therein, with all things touching the same as fully and entirely as they appeared, were had or might remain before him. This writ was tested in May, and returnable in August 1828.

The justice made a return to the certiorari, in which he stated that on the 25th June, 1828, on the application of the commissioners of highways of the town of Harrison, he issued a precept directed to a constable of the said town, requiring him to summon twelve freeholders to meet at a certain place on the 1st July then next, at 1 o'clock P. M., to make a jury to inquire whether any encroachment had been made, and by whom, on a certain public highway, (particularly describing it,) said highway being encroached upon, as alleged, by the fence on the north side thereof along the land occupied by Richard Pugsley in said town; and also requiring the constable to give notice of the time and place of the meeting of the freeholders to the commissioners and to Pugsley; which precept was delivered to a constable of the town of Harrison. On the 1st July, the constable returned the

precept to the justice, with a panel containing the names of twelve freeholders summoned by him. The commissioners and Pugsley appeared before the justice, and the freeholders being called, also appeared. When the first person named on the panel was about to be sworn by the justice to inquire into the encroachment alleged to have been made, the counsel for Pugsley proposed to inquire of him whether he had made up an opinion in relation to the encroachment. The counsel for the commissioners objected to the inquiry, and the justice decided that by the act under which the freeholders were convened, he, the justice, after issuing the precept to summon the freeholders, was only authorised to swear the freeholders and witnesses on the hearing, and had no power to hear or decide relative to the competency of the freeholders. No further objections being made, the persons named in the panel were sworn and affirmed by the justice to inquire whether any encroachment had been made, and by whom. The justice further certified the names of certain witnesses sworn by him, as well on the part of Pugsley as on the part of the commissioners, and stated that they were examined by the counsel of the parties before the freeholders, who, after hearing the proofs and allegations of the parties, stated that they found that the fence on the north side of the highway, along the land in the occupancy of Pugsley, was an encroachment on the said highway, and signed a certificate to that effect, as he, the justice, was informed and believed, but that the same was never in his possession or custody, that he had not a copy or record thereof, and that it was not in his power to state the contents thereof; that the same was taken by the commissioners and filed in the town clerk's office on the 3d July, 1828, where it remains, as he was informed and believed. He further certified, that the costs attending the inquiry were taxed by him, the justice, at $6,19, (stating the items,) but that the same had not been paid to him by Pugsley, nor had he issued any process for the collection of the same.

The case came before the court on a notice served on the attorney of the plaintiff, that the same would be brought to a

Pugsley
v.
Anderson.

hearing and argument on the certiorari and return, and it was now heard *ex parte*.

*J. W. Tompkins*, for defendants, insisted that there was no judgment before the court which could either be affirmed or reversed; that the acts of the justice were wholly ministerial and not judicial; that his authority was limited to the issuing of a precept to summon the jury, to the swearing of the jury and witnesses, and to the issuing of a warrant for the collection of the costs; that he had no power to decide the question raised on the inquiry, or any other question. He cited the case of *Nichols* v. *Williams*, (8 Cowen, 16,) in support of the principle that inferior jurisdictions must strictly pursue the authority under which they act, and cannot take any thing by implication. That the cause could be heard on the certiorari and return, although no assignment or joinder in error had been filed, he cited 15 Johns. R. 537; 16 id. 49; 1 Cowen, 23, 28, n. a; 8 id. 13; 1 Dunlap's Pr. 226, 228.

*By the Court*, SAVAGE, Ch. J. The justice was right in the opinion he pronounced, that after issuing the precept for summoning the jury he had no duty to perform on the inquiry except to swear the jury and the witnesses. In a proceeding under this statute he does not act judicially; he has no judgment to render, nor order of any kind to enter; if the costs are not paid in ten days, it is his duty to issue a warrant, not an execution, for their collection. He is of course to tax the costs, but he has not the custody of the certificate of the finding of the jury; and it seems to me he has no right to decide upon the qualifications of the jurors.

There is no judgment, order or proceeding of the *justice* to be affirmed or reversed. He did not hold a court under the fifty dollar act; he could exercise no powers but such as are given him by the statute relating to highways, under which the proceeding in question was had. The constable *seems* to have the selection of the jury, and the jury so selected, after hearing the proofs and allegations of the parties, are to make a certificate, which is to determine the fact of encroachment. The justice has no voice in the matter; he is not

even to record the finding of the jury; he is merely to administer an oath to them, and to swear the witnesses; and this power might as well have been delegated to any other officer (the town clerk for instance) as to a justice. The statute giving authority to the justice to administer oaths does not confer the right of judgment upon the qualifications of the jurors, and no such power is given by the statute. I am, therefore, of opinion that the certiorari be *dismissed*.

ALBANY,
January, 1830.

Pugsley
v.
Anderson.

Certiorari dismissed.*

* The provisions of the Revised Statutes, under which these proceedings were had, are the following : By the 103 § of chap. 16, (1 vol. 521,) it is made the duty of the commissioners of highways, where a highway is encroached upon by fences, to order, if they deem it necessary, such fences to be removed. This order must be in writing and signed, and notice in writing must be given to the occupant to remove the fences within 60 days. If the occupant denies the encroachment, the commissioners must apply to a justice of the peace af the county (§ 105) for a precept to a constable to summon 12 freeholders to meet at a certain day and place to inquire into the premises, and notice of such meeting must be given to the commissioners and to the occupant of the land. On the day specified, the jury are to be sworn by the justice, well and truly to inquire whether such encroachment has been made, and by whom. The witnesses produced by either party are also to be sworn by the justice, and the jury are to hear the proofs and allegations of the parties, (§ 106.) If the jury find an encroachment has been made, they are to make and subscribe a certificate in writing of the same, which must be filed in the office of the town clerk. The occupant must remove his fences within 60 days after the filing of the certificate, and pay the costs of the inquiry, which, if not paid within 10 days, the justice is to issue a warrant for the collection thereof, (§ 107.)

At the last August term of this court, an application was made in this case, on the part of the plaintiff, for a rule on the justice to make a *further* or *additional return* to the return already made by him, which was denied by the court substantially for the reasons now assigned on dismissing the *certiorari*, and that the justice could not be supposed able to make a fuller return.