By the Court,

Cowen, J.
The proceedings here correspond substantially with those prescribed in the 103d to 108th sections of the general highway act (1 R. S. 521-2). It is said by the counsel for the plaintiff in error, to differ in requiring the justice to draw out, by lot, six persons free from all exceptions', whereas under the general act, he is to swear the jury, whoever they shall be, that have been summoned by the constable. It is conceded that a certiorari will not lie to remove such a proceeding under [17] the general act, because the duties of the justice are merely ministerial ; but here it is said he has something judicial to perform. The difference, however, is merely formal. The act is directory to the justice to draw legal and qualified jurors; and it is implied in this kind of law that every person concerned in the selection of jurors should take care, as far as their prescribed line of duty will admit, to secure competent and indifferent men. The direction is often given expressly by statute. Clerks are directed to draw jurors in a particular manner, and sheriffs and constables are in the ordinary venire directed to summon lawful men in no wise of kin, &c.; but that does not constitute them judicial officers, so that a certiorari will lie to them.
The distinction is taken here with a view to avoid the force of Pugsley v Anderson (3 Wendell, 468); and see id. 471, note, for a summary of the general statute. In that case the certiorari was dismissed because the justice had no order to make, no judgment to give, no judicial act to perform. There is no difference in the two cases in this respect. It is not to be denied that the justice or the constable, on being satisfied in any way that unlawful men are convened or drawn, may dismiss them and substitute others. The justice may or may not, with the view to satisfy himself, make proper inquiries and exercise his private knowledge; but there is nothing which he is to do that can be appealed from. I understand the whole to be a preliminary proceeding with a view to settle the question of encroachment, vose *12 the penalty in a summary way, instead of the common law proceeding by indictment. The remedies are concurrent. When the commissioners come into court to collect the penalty for disobeying' their order, sanctioned by the certificate of the jury, they must show themselves strictly regular, or at least that there was jurisdiction. If the proceeding does not then appear to have followed the statute, their suit goes for nothing; and there, if the court err in their proceedings, the case is open to a remedy by certiorari or writ of error according to the court in which the suit is pending,
This case is within the principle of Pugsley v. Anderson, and the writ must be dismissed as it was in that case.