F. M. LIBBY et al.

*vs.*

THE TOWN OF WEST ST. PAUL.

The allowance of a writ of *certiorari* by the Supreme Court to the supervisors of a town, is a matter of legal discretion.

When the writ would arrest proceedings for the collection of the tax alleged to be illegal, and equally affect all the tax payers, and residents of the town, it should ordinarily be denied, if applied for by only a part of them.

Whether it should be allowed if all the tax payers joined in the petition, *quaere.*

This is an original proceeding, commenced in this Court, and is fully stated in the opinion of the Court, and of Mr. Justice McMillan.

GORMAN & DUFOUR for Plaintiffs.

SMITH & GILMAN for Defendant.

Libby et al. v. The Town of West St. Paul.

*By the Court*—Wilson, Ch. J.—This is an application for a *certiorari* by the plaintiffs, sixteen in number, who allege that they "are each householders and tax payers of the Town of West St. Paul, and bring this complaint, as well in their own behalf, as in behalf of a majority of the electors and tax payers of said town, and that they, and those in whose behalf they complain, constitute and represent more than two-thirds of the taxable property of said town." A tax has been assessed by the proper officers of the town to pay "bounty bonds" which had before been issued—illegally as it is alleged by the plaintiffs—and the writ is prayed for, "to bring up and return in due form, all the books, records and proceedings touching the subject matter here set forth, to the end that such order, judgment, supersedeas, injunction, prohibition or decree may be made, as the right, justice and equity of the case may require." Many objections suggest themselves to the granting of the relief prayed for, but one of which we refer to. The relief which the plaintiffs ask, affects all the other tax payers and residents of the town, equally with themselves, and it would seem just and right that the proceedings for the collection of the tax should not be arrested without notice to those others, or an opportunity to them to be heard. The practice for which this would be a precedent, would if allowed, as a general rule necessarily result in great public detriment and inconvenience, and there is nothing alleged showing that this case should be considered exceptional.

We think, therefore, the writ should be denied, its allowance being a matter of sound legal discretion. See *People vs. Supervisors of Alleghany*, 15 *Wend.*, 198; *In the matter of Mount Morris Square*, 2 *Hill*, 14. It may be proper to add, that we do not wish to be understood as intimating that if all the tax payers of the town had joined in the ap-

Libby et al. v. The Town of West St. Paul.

plication, their prayer should be granted. In these views my brother Berry concurs.

Writ denied.

McMillan, J.—This is an original application to this Court for a writ of *certiorari* to the defendant. The application is based upon a complaint verified in the usual form.

The complaint, in addition to other preliminary and formal matters, sets forth certain proceedings of town meetings of West St. Paul in the year 1864, as they appear of record, authorizing the board of supervisors of the town to issue bonds of the town of certain character and amounts for certain purposes : that the board of supervisors issued the bonds of the town, but not of the character and amounts prescribed by the town meeting. "That on the 7th day of April 1868, a tax of twenty mills on the dollar was voted, and is now levied on the taxable property of the citizens of said town to pay said bonds, and which is now in the hands of the proper officer for collection, all without authority of law. That the individual taxes of these plaintiffs range from ten to one hundred dollars, of and under said tax of twenty mills so assessed and levied as aforesaid, but never authorized by the town board, and which will be unlawfully collected from these plaintiffs, unless the said tax and the said assessment, and said unlawful bonds, are quashed, annulled, set aside, and declared null and of no validity, as they rightfully should be." And prays that a writ of *certiorari* may issue to the proper officers of said body corporate, to wit : The Chairman of the Town Board of West St. Paul, to bring up and return in due form all the books, records and proceedings touching the subject matter herein set forth, to the end that such order, judgment, supersedeas, injunction,

Libby et al. v. The Town of West St. Paul.

prohibition or decree may be made by the Court, as right, justice and equity may require.

The defendant demurs to the complaint for various reasons which need not here be recited. It appears from the complaint, that the plaintiffs are not jointly interested in the property taxed, but that the taxes complained of are assessed upon them individually, and upon their individual property; the interests of the plaintiffs are therefore entirely distinct, both with reference to the property taxed, and the tax itself; there is no joint right of the plaintiffs infringed by the defendant, no wrong done to the plaintiffs jointly; a joint action is therefore improper and cannot be maintained.

But conceding that the plaintiffs might join in an action, and that a *certiorari* lies to correct an erroneous assessment of a tax, it seems to me the plaintiffs must fail in this action. The direct object of this proceeding is to set aside the tax assessed upon the property of the plaintiffs.

Under our system of taxation, the town meeting levies the tax upon the district, by determining the purposes for which taxes shall be levied at a particular time, and the amount of money to be raised therefor. *Gen. Stat. Ch.* 10, *Sec.* 15, *Subd.* 9, *p.* 141; *Ib. Ch.* 10, *Sec.* 100, *Subd.* 4, 5, *p.* 151. And the town clerk certifies this result to the county auditor, who determines the taxes to be levied upon each lot of real property, and upon the personal property listed, in the name of each person, and enters the same upon the tax duplicate. *Gen. Stat. Ch.* 11, *Sec.* 54, *p.* 170.

The assessor under our system merely determines the valuation of the property to be taxed. *Ib. Ch.* 11, *Sec.* 26, 37. The county auditor assesses or levies the tax upon the individual tax-payer, and delivers the duplicate to the treasurer for collection. It is evident that a *certiorari* to the town would not reach the tax complained of, and if the ob-

Libby et al. v. The Town of West St. Paul.

ject of the action is to determine merely the regularity or validity of the issue of the bonds by the town, that is not a matter which can be reached by *certiorari*, but must be determined by another mode of proceeding.

We need not advert to the form of this application, or the other questions involved in the case.

For these reasons I think the demurrer should be sustained.