DANIEL SINCLAIR and others *vs.* BOARD OF COUNTY COM-
MISSIONERS OF WINONA COUNTY and others.

March 20, 1877.

**Injunction at Suit of Tax-payer to Restrain Improper Publication of Delinquent**
**List.**—This action is brought to restrain the publication, and payment for
the publication, of a delinquent tax-list in the *Novelty Press*, which has
been designated by the board of county commissioners of Winona county
as the newspaper in which such publication is to be made, under Laws
1874, *c.* 2, as amended by Laws 1875, *c.* 6, *c.* 8, but which the plaintiffs
allege is not a newspaper, within the meaning of the statute, and, there-
fore, not such as the commissioners have any authority to designate
for the purposes aforesaid. The plaintiffs are owners of real and personal
property in said county, and tax-payers therein. They allege—and it
is to be taken as true in this case—that the taxes in question will be
imperilled, and the county lose or be in danger of losing them, if the
publication is made in the unauthorized manner proposed, to wit, in said
*Novelty Press;* and, further, that payment for such publication will be a
misapplication of county funds. *Held*, that upon this state of facts an
injunction is a proper remedy, and that the plaintiffs are proper parties to
maintain an action for the same.

Appeal by plaintiffs from a judgment of the district court
for Winona county.

*C. H. Berry*, for appellants.

*Lloyd Barber*, for respondents.

BERRY, J. It is alleged in the complaint that, as directed
by Laws 1874, *c.* 2, amended by Laws 1875, *c.* 6, *c.* 8, the
defendant, the county auditor of Winona county, had, prior
to May 4, 1875, prepared a list of lands delinquent for taxes
assessed before 1873, for the purpose of filing the same in
the office of the clerk of the district court, on the first Mon-
day of August, 1875, as he intends to do; that, professing
to act under the statutes above cited, the defendant, the
board of county commissioners of said county, have desig-
nated the *Novelty Press*, which they style a newspaper,
as the newspaper in which the auditor shall publish the copy
of such delinquent list, and the accompanying notice
required to be furnished by the clerk for that purpose; that
it is the intention of the commissioners and auditor to pub-

lish the copy and notice in said *Novelty Press*, and that it is also the intention of the commissioners to pay for such publication out of the county treasury. The complaint then proceeds to allege that said *Novelty Press* is not a " newspaper," within the meaning of the statutes, and, therefore, not such as the county commissioners have any authority to designate for the purposes aforesaid, or to cause the publication before mentioned to be made in. As relief, the complaint prays that the auditor may be enjoined from publishing said notice or list in said *Novelty Press*, and that the board of county commissioners may be enjoined from paying for any such publication, for or on behalf of the county. The case coming on for hearing in the court below, the defendants moved to dismiss, upon the grounds that " the complaint does not state a cause of action, and that the court has no jurisdiction of the matter." The motion having been granted, the case comes here upon appeal from the judgment of dismissal.

The effect of the motion to dismiss being to admit that the *Novelty Press* is not a newspaper, within the meaning of the statute, and that, therefore, the publication of the list therein is entirely unauthorized, the case presents two questions: (1) Is an injunction a proper remedy? (2) Are the plaintiffs the proper parties to an action for such remedy?

It is claimed that, as the collection of the delinquent taxes (some $15,000) depends upon the legality and regularity of the proceedings for their collection, they will be imperilled, and the county lose or be in danger of losing them, if the publication is made in the unauthorized manner proposed. It is further claimed that to pay for the unauthorized publication out of the county funds will be a misapplication of the same.

Upon the allegations of the complaint these claims would appear to be well founded. That there is some remedy in a case of this kind is not questioned. Is there an adequate

remedy at law? The defendants contend that there is, by *certiorari;* but, as respects the designation of the *Novelty Press* by the commissioners, a *certiorari* would bring up only the record of the proceedings by the board of county commissioners. Cooley on Taxation, 535. It is not to be presumed that such record would show anything whatever as to the question whether the *Novelty Press* was or was not a newspaper, within the meaning of the statutes; and upon the answer to this question would depend the authority to pay for the publication out of county funds. In addition, it is to be observed that the action of the board in designating a newspaper, as well as in doing the other things objected to, is ministerial—not judicial. This is so, because the duty of the board in the premises is clearly defined by statute, and they exercise no general discretion in performing it. *People, ex rel. Livingston,* v. *Taylor,* 1 Abb. Pr. (N. s.) 200; *People* v. *Pease,* 27 N. Y. 45; *People, ex rel. Dickinson,* v. *Supervisors Livingston County,* 43 Barb. 232; *State, ex rel. Adamson,* v. *Lafayette County Court,* 41 Mo. 21. *Certiorari* does not lie to review ministerial proceedings. *Pearsall* v. *Com'rs of North Hampstead,* 17 Wend. 15; *People, ex rel. Dickinson,* v. *Supervisors Livingston County,* 43 Barb. 232; 1 Crary's Pr. 154. There is, then, no remedy by *certiorari* in this case. No other suggestion of a remedy at law is made which requires particular consideration, and we can conceive of no remedy which is completely adequate to the exigencies of the case, save the injunction of a court of equity.

This brings us to the other question, viz.: Are the plaintiffs the proper parties to an action for an injunction?

It is to be observed, at the outset, that it is not the object of this action to restrain or interfere with the collection of taxes. It is true that the designation of a proper newspaper in which the delinquent list shall be published, and proper publication, are parts of the machinery provided for the collection of taxes. But in the case at bar the designation

and publication are, upon the allegations of the complaint, to be taken to be wholly unauthorized and void, so that, instead of contributing to enforce or aid the collection of taxes, they will operate to the contrary. As alleged in the complaint, they will imperil the taxes, so that the county will lose or be in danger of losing the same. With reference to this fact, and the further consideration that the board intends to pay for the unauthorized publication out of the county treasury, this is to be regarded as an action the purpose of which is to prevent the squandering and misappropriation of county funds. This case is, therefore, distinguished from *Scribner* v. *Allen*, 12 Minn. 148, and *Libby* v. *Town of West St. Paul*, 14 Minn. 248. It is a case in which the jurisdiction of equity may be sustained on the ground that the injury which will result from the unlawful action of the board and auditor—to wit, the squandering and misappropriation of county funds—will be irreparable.

The effect upon the tax-payer is to increase his burden of taxation, at least indirectly. Upon the question whether an individual tax-payer may, in his own name, and on his own behalf, maintain a suit in equity to restrain unlawful municipal action which leads, directly or indirectly, to taxation, the adjudications disagree; but, in accordance with the decided preponderance of authority, we are of opinion that a tax-payer, as specially damaged by the increase of the burden of taxation upon his property, has a special interest, distinct from that of the general public, in the subject of a suit brought to restrain unlawful municipal action, from which such increase will result. In a case, therefore, like this at bar, in which irreparable injury will result from unlawful municipal action, an individual tax-payer, whose burden of taxation will be thereby increased, may, in his own name, and in his own behalf, maintain a suit for an injunction by which such unlawful action may be restrained. Cooley on Taxation, 548; 2 Dillon Mun. Corp. §§ 731–736.

It follows that the plaintiffs, who allege themselves to be

owners of real and personal property in the county of Winona, and tax-payers therein, are entitled to maintain this action.

Judgment reversed.