THE STATE ex rel. WIESMANN vs. KEMEN and another.

*November 7 — November 25, 1884.*

*When certiorari issues: Unlawful sale by school officers.*

The writ of *certiorari* issues at common law only to review the proceedings of inferior courts, officers, or bodies acting in a judicial or *quasi* judicial capacity, and then only when it is made to appear that a wrong has been done which can be corrected by the issuing of the writ. Thus, the writ will not issue to review an alleged unlawful and fraudulent sale of a school-house by two of the school district officers.

APPEAL from the Circuit Court for *Kenosha* County.

The facts are sufficiently stated in the opinion. The defendants appealed from a judgment reversing and declaring void the sale of the school-house.

The cause was submitted for the appellants on a brief signed by *Chas. Quarles*, of counsel, and for the respondent on briefs by *Henry Wiesmann*, attorney, and a supplemental brief by *Fish & Dodge*, of counsel.

TAYLOR, J. In this case a writ of *certiorari* was issued out of the circuit court of Kenosha county upon the petition of the respondent, directed to the appellants, as district clerk and district treasurer of joint school district No. 7 of the towns of Brighton and Paris, in said county of Kenosha. The object of the proceeding is set out fully in the petition for the writ, and is to set aside a sale of the school-house and fixtures alleged to be owned by said district, and which, it is alleged, the said *Kemen* and *Thom* had unlawfully, and without authority, wrongfully and fraudulently sold to one Joseph Jockley and another, and that the said purchasers had, upon such wrongful and fraudulent sale, taken possession of said school-house and fixtures, and removed the same upon lands owned by said Jockley. The petition contains a long statement of alleged facts; and the return of the appellants to the writ, and their amended return, contain many statements of facts by which they justify the sale of said school-house and fixtures to the said Jockley and others; all of which matters we deem unnecessary to consider upon this appeal. On the returns being made to the writ, the appellants appeared in court and moved to quash said writ upon the following grounds: "(1) That the said writ was misdirected; and (2) that the petition for said writ did not state facts sufficient to constitute a cause of action."

Without considering the exceptions to the findings of fact and conclusions of law made by the learned circuit judge upon the hearing of the case, we are very clear that the judgment should be reversed on the ground that the petition made no case for the allowance of the writ. What was attempted to be inquired into by the proceedings in this case was an alleged wrongful and fraudulent sale of a school-

house and fixtures, belonging to a school district, by two of the district officers. This sale was in no sense a judicial or *quasi* judicial proceeding, but simply, according to the allegations of the petition, a wrongful and fraudulent act of the appellants.

It is well settled that the writ of *certiorari* at common law can only be issued to inferior courts or bodies acting in a judicial or *quasi* judicial character, and not for the purpose of reversing ministerial or unlawful acts not done in the discharge of some judicial or *quasi* judicial duty. 1 Cary's N. Y. Pr. 152; Wood on Mandamus, 184. "It is only acts of a judicial nature that can be reviewed on *certiorari;* and this, too, whether the act is that of a judicial officer or a municipal corporation or otherwise." *People ex rel. Van Voast v. Van Slyck,* 4 Cow. 297; *Pugsley v. Anderson,* 3 Wend. 468; *Pearsall v. Commissioners,* 17 Wend. 15; *People ex rel. Agnew v. Mayor,* 2 Hill, 9; *In re Mount Morris Square,* 2 Hill, 14; *People ex rel. Moore v. Mayor,* 5 Barb. 43; *People ex rel. Savage v. Board of Health,* 33 Barb. 344; *People ex rel. Dickinson v. Board Sup'rs,* 43 Barb. 232.

"It is also a rule of law that, before allowing or acting upon the writ of *certiorari,* it must be made satisfactorily to appear to the court that a wrong has been done, and that the error is of a nature that can be corrected by the issuing of the writ." *People ex. rel. Moore v. Mayor,* 5 Barb. 44; *Conover v. Devlin,* 24 Barb. 641; *People ex rel. Church v. Supervisors,* 15 Wend. 198. It would be useless to multiply authorities to show that the writ of *certiorari* can only issue at common law to review the proceedings of inferior courts, officers, or bodies of men acting in a judicial capacity, and that it does not lie to review proceedings of a legislative or ministerial character. Upon a writ of *certiorari* nothing can be inquired into except what appears of record in the inferior court or body, and upon the return no parol testimony is allowed to establish any issues made by the return to the allegations contained in the petition for the writ.

*State ex rel. Manitowoc v. County Clerk*, 59 Wis. 15, 23.  The futility of this proceeding is apparent.  The purchasers of the school-house and its appendages are not parties to it, and the judgment as to them is of no effect.  The order of the court that these purchasers return the school-house and fixtures to the district, and that they pay damages to the district for any injury such school-house and fixtures have sustained by reason of their removal by said purchasers, is without force as to them.  And so far as the district or the petitioner are concerned, they have accomplished nothing by way of restoring to the district the property wrongfully and unlawfully sold — if it was so sold — by virtue of this proceeding.  In an action by the district to recover the property claimed, the judgment in this case would not be evidence against the purchasers.

It seems to us very clear that the writ of *certiorari* is inapplicable to the case.  If the sale was fraudulent and void for that reason, or if it was made without legal authority, then an action would lie by the district to recover the property from the purchasers; and if it appeared that the officers of the district, whose duty it was to institute an action to recover the same, were acting in collusion with the fraudulent purchaser or purchasers, or with the purchasers upon a sale which was void for want of legal authority on the part of the district officers to sell the same, then it is probable that an action would lie to recover the same in the name of a tax-payer in the district, brought in behalf of himself and the other tax-payers, setting out the facts of the case and the collusion of the district officers with the purchasers.  See *Nevil v. Clifford*, 55 Wis. 161.  The writ should have been quashed on the motion of the appellants.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to that court to quash the writ of *certiorari.*