STARKWEATHER, Respondent, vs. SAWYER, Appellant.

*April 28 — June 1, 1885.*

CONSTITUTIONAL LAW: JUSTICES' COURTS. *(1, 2) Jurisdiction in two counties: Service of process: Removal of causes. (3) Amendment of papers after transmission. (4) Judgment on certiorari.*

1. The legislature may confer upon the justices of the peace elected in a village which embraces territory situated in two counties, jurisdiction co-extensive with the limits of both counties.

2. In such a case the venue in process may be laid in both counties; and when a cause is removed from a justice of the village living in one county he may send it to the nearest justice, although the latter may live in the other county; and the village marshal, to whom is given the powers of a constable of both counties, may serve process in either county.

3. Where one justice has transmitted the papers in a cause to another, but has failed to insert therein the name of the latter, such latter justice may permit the former to amend the papers by inserting such name.

4. On *certiorari* to a justice of the peace the circuit court can only reverse or affirm his judgment, with costs, and cannot give a new judgment for damages.

APPEAL from the Circuit Court for *Columbia* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *A. G. Cook* and *E. V. Briesen*, and oral argument by *Mr. Briesen*.

*H. L. Eaton*, for the respondent.

COLE, C. J. The village of Randolph was incorporated in 1870, embracing territory situated in the counties of Columbia and Dodge. Ch. 114, P. & L. Laws of 1870. The charter divided the village into two wards: the East ward including the territory in Dodge county, and the West ward including that in Columbia county. Sec. 2. The charter further provides that there shall be two justices elected in the village, who shall hold their offices for two years; "one of said justices shall be a resident of the West

ward, and one of the said justices shall be a resident of the East ward, and each elected by the voters of the said ward of which he shall be a resident." Sec. 5. Such justices were vested with the same authority, and were subject to the same regulations, as were provided by law relating to justices of the peace. And the charter expressly enacted that the justice of each ward should have jurisdiction in all cases, civil and criminal, arising within the village, and also in the counties of Columbia and Dodge, and have power to hear, try, and determine the same in the manner provided by law. Sec. 5.

R. D. Calkins, a justice of the peace in and for the East ward, issued a summons which was served by the constable of the village upon the defendant, Sawyer, in the city of Columbus, in Columbia county. On the return day of the process the defendant appeared specially, and made an application, founded on an affidavit, for a removal of the cause on the ground of prejudice of the justice. Thereupon the papers were transmitted to John G. Griffin, a justice of the town of Courtland, in Columbia county. The defendant appeared specially before Justice Griffin and objected that he had no jurisdiction of the cause, and that it should have been sent to the nearest justice in Dodge county; also because Justice Calkins, in the papers transmitted, had failed to insert the name of Justice Griffin, but had left the blank unfilled. Justice Griffin overruled these objections and retained the cause. He also allowed Justice Calkins to insert his (Griffin's) name in the papers transmitted, against the defendant's objection. The plaintiff made his complaint, to which the defendant filed no answer, but withdrew from all further appearance in the cause. The plaintiff obtained judgment, and the cause was taken to the circuit court of Columbia county on a common-law writ of *certiorari*. The decision in that court being adverse to the defendant, the case has been brought here for review.

The first question to be considered is as to the validity of the charter provision giving to the justice of each ward jurisdiction within the counties of Columbia and Dodge. The general statute limits the jurisdiction of justices of the peace to the county in which they are elected (sec. 3568, R. S.), except when otherwise specially provided by law. The constitution does not attempt to define the territorial jurisdiction of justices of the peace, but provides that the electors of a village, at the charter election, shall, in such manner as the legislature may direct, elect justices of the peace, and that such justices shall have such civil and criminal jurisdiction as shall be prescribed by law. Art. VII, sec. 15. This leaves the matter very much under the control of the legislature, which can enlarge the territorial jurisdiction of the justice in a village as public convenience and necessity may seem to require. Consequently we can see no constitutional objection to the legislature conferring upon each of the justices of the village of Randolph jurisdiction coextensive with the limits of both Columbia and Dodge counties.

In *Falk v. Goldberg*, 45 Wis. 94, a strictly analogous question was presented, and this was the view expressed as to the power of the legislature on this subject. In that case the legislature had provided for the election of a justice of the peace in a city composed of the territory of two counties. This court held that an appeal would lie from a judgment of such justice to the circuit court of either county; that the circuit court which first acquired jurisdiction of the appeal would retain it to the exclusion of the other. The principle there involved is substantially the same as in the case at bar. It follows from this view that it was entirely legal for Justice Calkins, though he lived in Dodge county, to send the cause for trial to the nearest justice, though the latter justice lived in Columbia county. Also that it was not even error because the venue in the process was laid in " Dodge and Columbia counties."

It is objected that the service of the summons was void. The service was made by the constable of the village who resided in Dodge county. The charter provides for the election of one constable, who is *ex officio* marshal of the village (sec. 4); also that the marshal shall possess all the powers and enjoy all the rights of a constable of this state, and of the counties of Columbia and Dodge, and shall be subject to the same liabilities. Sec. 18. There can be no doubt, under these provisions, but the village constable could make the service in question. Nor was it error, even, to allow Justice Calkins to amend the papers by inserting the name of Justice Griffin; much less did it go to the question of jurisdiction of the latter to try the cause. *Harrison v. Brown*, 5 Wis. 27; *Lederer v. C., M. & St. P. R. Co.* 38 Wis. 244.

We find in the record what appears to be two judgments: One dated July 12, 1884, simply affirming the judgment of the justice, with costs, which is correct in form. The other judgment, which was probably entered by the clerk, is dated July 19, 1884, affirming the justice's judgment, and further ordering and adjudging that the plaintiff recover of the defendant the sum of $14.99 damages, and $25.07 costs and disbursements. This last judgment is entirely irregular if there had been no previous judgment. On *certiorari* the circuit court is only authorized to affirm or reverse the judgment of the justice, with costs. It has no authority to give a new judgment for damages as was done in this case. This point has been frequently decided by this court. See late case of *Smith v. Bahr*, 62 Wis. 244.

The judgment of the circuit court must therefore be reversed, and the cause be remanded with directions to that court to enter a judgment affirming the judgment of the justice, with costs.

*By the Court.*— It is so ordered.