THE STATE EX REL. HADFIELD, Appellant, vs. GRACE and others, Respondents.

*September 30 — October 25, 1892.*

*Elections: Tie vote: Duty of canvassers:* Mandamus.

A village charter provided that all elections should " be determined by the president and trustees," and that "in case of a tie between two candidates at any election, the election of one or the other of them shall be determined by lot in the presence and under the direction of the president and trustees." The return of the inspectors of an election showed a tie between two candidates. The president and trustees altered the vote so as to give one of the candidates a majority, and declared that he was elected. *Held,* that they had no power to change or go behind the return of the inspectors, and that *mandamus* would lie to compel them to have the election determined by lot as required by the charter.

APPEAL from the Circuit Court for *Waukesha* County. The facts are sufficiently stated in the opinion. The appeal is from a judgment quashing an alternative writ of *mandamus* and dismissing the petition.

For the appellant there was a brief by *D. J. Hemlock* and *Ryan & Merton,* and oral argument by *T. E. Ryan.* To the point that *mandamus* was the proper remedy, they cited *State ex rel. Bloxham v. Gibbs,* 13 Fla. 55, 7 Am. Rep. 233; *Louis v. Comm'rs,* 16 Kan. 102, 22 Am. Rep. 275; *People ex rel. Ryan v. Nordheim,* 99 Ill. 553; *State ex rel. Brown v. Boden,* 51 N. J. Law, 114; *Smith v. Lawrence,* 49 N. W. Rep. (S. Dak.), 7; *People ex rel. Fuller v. Hilliard,* 29 Ill. 420; *People ex rel. Williams v. Cicott,* 16 Mich. 283; *Enos v. State ex rel. Goder,* 131 Ind. 560; *State ex rel. Lord v. Washington Co.* 2 Pin. 552; *Waupaca Co. v. Matteson,* 79 Wis. 67; *State ex rel. Grady v. C., M. & N. R. Co.* id. 259.

For the respondents there was a brief signed by *M. S. Griswold* and *T. W. Haight,* and oral argument by *D. S. Tullar* and *Mr. Haight.* They contended, *inter alia,* that on the face of the petition and writ the duty of the village board therein questioned was of a judicial and not a ministerial character, and therefore could not be directed in its result by *mandamus.* *U. S. v. Guthrie,* 17 How. 284; *State ex rel. Comstock v. Joint Sch. Dist.* 65 Wis. 638; *State ex rel. Anderton v. Kempf,* 69 id. 470; *State ex rel. Hatzell v. Hall,* 80 N. Y. 117; Merrill, Mand. secs. 42, 202, 313; *Peabody v. School Comm.* 115 Mass. 383. The respondents having acted in the premises mentioned in the petition and writ, their action may be reviewed by proceedings in *quo warranto* or by *certiorari,* but cannot be properly nullified by *mandamus.* Moses, Mand. 208; High, Ex. Leg. Rem. sec. 15; Merrill, Mand. sec. 10; *State ex rel. Foster v. Graham,* 60 Wis. 397; *Bradford v. Goshen,* 57 Pa. St. 495; *People ex rel. Griffing v. Brooklyn,* 9 Barb. 535; *Camden v. Mulford,* 26 N. J. Law, 49; *Miller v. Jones,* 80 Ala. 89; *State ex rel. Vaughn v. Ashland,* 71 Wis. 502; *State ex rel. Graef v. Forest Co.* 74 id. 610.

ORTON, J. The facts shown by the petition for an alternative writ of *mandamus* against the president and

trustees of the village of Waukesha are substantially as follows: There was an election in said village for the election of village officers on the 3d day of May, 1892. At said election 625 votes were cast for W. H. Sleep, and 625 votes were cast for the relator, *J. J. Hadfield,* for president of said village; and thirty-seven votes were cast for S. B. Ray for the same office, and various other persons received a large number of votes for the other offices of said village. The inspectors of said election counted the votes cast for each of the candidates for the various offices, and, together with the clerks of said election, they made out a statement in writing giving the vote of the several persons voted for for the various village offices, including the above vote for president of said village, and signed the same, and filed the same in the clerk's office of said village. A true copy of said statement or return, duly certified by the village clerk, is made an exhibit to the petition of the relator. This return appears to be strictly correct and formal and according to law.

Sec. 7 of the village charter (ch. 30, P. & L. Laws of 1859) requires "all elections to be determined by the president and trustees within five days after the holding of such election. In case of a tie between two candidates at any election, the election of one or the other of them shall be determined by lot in the presence and under the direction of the president and trustees." The duty of the president and trustees in acting on the returns of the inspectors of the election is very plain and explicit. They are to *determine* the election of each person voted for for any office by compiling the number of votes cast for each office, and making a tabular statement thereof, and then *determine from the same* who had the majority of the votes for each office. This must be done strictly according to the returns of the inspectors. They have no more right to change the number of votes found in the returns than any other per-

son. They are clothed with no such authority. Then, on doing this, if they find *from the returns* that there is a tie between two candidates, the election of one or the other shall be determined by lot in their presence and under their direction. This was not done in the case of this tie vote between the persons voted for for president of the village, but the president and trustees, on the 5th day of May, 1892, altered the vote of such persons by giving to W. H. Sleep 625 votes, and to the relator 624 votes, for president of the village, and thereby determined that W. H. Sleep was duly elected to said office, and the said Sleep thereupon duly qualified and entered upon its duties.

The relator cannot have his right to the office tried by *quo warranto*, for he had not a majority of the votes. The only right he had was to have the tie vote determined by lot. Until this is done he is remediless. His right to a *mandamus* to compel the president and trustees to have that tie vote determined by lot, as the charter of the village requires, would seem to be clear.

1. It is the proper remedy to compel a board of canvassers by *mandamus* to perform a plain duty under the law, which they have neglected or refused to perform. *People ex rel. Fuller v. Hilliard*, 29 Ill. 420; *People ex rel. Williams v. Cicott*, 16 Mich. 321; and other cases cited in appellant's brief. *Mandamus* will lie to compel the proper officers to determine a tie vote by lot, as the statute requires. Merrill, Mand. sec. 81; *Johnston v. State ex rel. Sefton*, 128 Ind. 16.

2. The president and trustees, as the canvassing board, cannot change or go behind the return of the inspectors. *State ex rel. McDill v. State Canvassers*, 36 Wis. 498. It is held in that case that the tabulated statement of the canvassers must not contradict the returns. *La Pointe v. O'Malley*, 46 Wis. 35. The duties of the canvassing board are mainly *ministerial* in determining the result according

to the return, and they cannot change the return.   Merrill,
Mand. secs. 178–181.   See cases in notes.

The duties of the president and trustees are so plain, un-
der the charter of the village, that it is hard to conceive
how they came to change the returns of the inspectors and
declare one elected president of the village who did not
have a majority according to said returns.   It was an as-
sumption of power without authority or excuse.

, *By the Court.*— The judgment of the circuit court, quash-
ing the alternative writ, dismissing the petition, and for
costs against the relator, is reversed, and the cause re-
manded with direction to award the peremptory writ of
*mandamus* as prayed by the relator.

