STATE  EX  REL. BOOMERANG  CO. v. McGIBBON,
TREASURER.

PUBLISHING NOTICE OF TAX SALE.

1. The matter of publishing notice of sale of realty for delinquent taxes is under the control of the county treasurer. (Clark dissenting, but concurring in result.)

[Commenced in District Court March 14, 1894—Decided July 25, 1894.]

ERROR to District Court for Albany County. HON. JOHN W. BLAKE, Judge.

This was an action in mandamus to compel the county treasurer to publish tax sale notice in the "Boomerang," the official newspaper of the county. From a judgment denying the writ, error was prosecuted. It was submitted upon the briefs in the case of Board, Etc., v. Chaplin et al., supra.

*Nellis Corthell,* for plaintiff in error.

*M. C. Jahren* and *Brown & Arnold,* for defendant in error.

CONAWAY, JUSTICE.

Relator petitioned the district court for the writ of mandamus to compel defendant in error to publish the notice of sale of real property for the delinquent taxes of 1893, in the Laramie Boomerang, a newspaper published in Albany county by relator, this newspaper having been previously designated by the board of commissioners of that county as the official newspaper of the county, and the board of commissioners having also made a written contract with relator for the publication of this notice in said paper. The district court denied the writ of mandamus, and this action of that court is assigned as error.

In accordance with the views expressed in the case of Commissioners v. Chaplin & McRae, decided at the present term, the majority of this court is of the opinion that the matter of the publication of the notice of sale of realty for delinquent taxes is under the control of the county treasurer, and is an official duty for which he is officially responsible as for other duties in the collection of delinquent taxes, and that the attempted interference of the county commissioners is without warrant of law. The judgment of the district court is affirmed.

GROESBECK, C. J., concurs.

CLARK, JUSTICE.

I concur in the judgment of affirmance for the reason that in my judgment the relator has mistaken its remedy. As a

taxpayer of Albany county it was, under the facts stated in its petition, entitled to an injunction restraining the publication of the tax sale notice in a newspaper other than the one designated as the official paper of the county by the Board of County Commissioners." Sinclair et al. v. Board of County Commissioners of Winona County et al., 23 Minn., 404. But it was not entitled to a writ of mandamus as prayed for in its petition, requiring the defendant as treasurer of said county "immediately to cause the said notice of sale to be published once a week for four weeks in the Laramie Boomerang as the official paper of said county."

This action was commenced in the court below on the 14th day of March, 1894.

Under the statutes of this State, R. S., Sec. 3809, taxes are made due and payable on the third Monday in September of each year, and by Sec. 3812, R. S., it is made the duty of the County Treasurer as Collector of Taxes to collect all taxes within one year after they become due and payable. By Sec. 3810, R. S., it is provided that taxes not paid before the 30th day of November of each year become delinquent on that day; and Sec. 3811, R. S., authorizes and empowers the collector to collect the taxes by distraint and sale of property after they become delinquent. Reading all these sections together, it seems clear that while power is given the collector to enforce the collection of delinquent taxes by sale of property at any time after they become delinquent, he is still given one year from the third Monday in September in which to perform this duty, and as the delinquent taxes concerned in this case were the taxes for the year 1893, which became due and payable the third Monday of September, 1893, to-wit: September 18, 1893, and delinquent on the 30th day of November, 1893, it is clear to my mind that at the time of the commencement of this action the law did not specially enjoin upon the defendant, as duty resulting from his office, the duty of then publishing the notice of tax sale in the Laramie Boomerang or any other paper, and hence I think the judgment of the court below refusing the writ applied for was entirely correct.

While I am clearly of the opinion that under our statute

it is the duty of the county treasurer as collector of taxes to publish the notice of tax sale in the newspaper designated by the Board of County Commissioners as "the official paper of the county," and also that under the facts alleged the relator would in a proper proceeding have been entitled to a writ of injunction restraining the publication of the notice in any other than the paper so designated, it seems to be well settled that in such cases the courts will simply deny the writ asked for, and not go further and issue an injunction, which is not asked for, upon the ground that the facts stated show that to be the proper remedy. (Ligg et al. v. Mayor of Annapolis, 42 Ind., 203-225; Crawford v. Carson, 35 Ark., 565-583.)