STATE EX REL. NELSON, Respondent, vs. EMERSON and others, Interveners, Appellants.

*November 30—December 15, 1908.*

Certiorari: *Scope of writ: Judgment to be entered: Record: Ministerial acts: Elections: Quashing writ.*

1. It is the settled rule in this state that a court, proceeding upon writ of *certiorari,* in giving final judgment can only affirm or reverse the judgment or determination reviewed under the writ.
2. On *certiorari* to review the acts of inspectors in canvassing the result of an election, no fact not shown or required to be shown

State ex rel. Nelson v. Emerson, 137 Wis. 292.

by the election record can be considered, the court being confined to the record and debarred from considering extrinsic proof. Hence whether rejected ballots were or were not furnished by the municipal authorities is a question not before the court.

3. *Certiorari* to review the acts of inspectors in canvassing the result of an election would be ineffective and the writ should be quashed where a reversal of the determination of the inspectors would leave the election uncanvassed and undetermined, while the result as originally certified by the inspectors to the clerk of the municipality would remain in his office unaltered.

4. Acts of inspectors of elections in rejecting ballots as defective, as well as their subsequent canvass of the result, are ministerial rather than *quasi*-judicial acts and therefore cannot be reviewed on *certiorari*.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Reversed.*

The appeal is from a judgment rendered upon *certiorari* to and reversing the decision of the inspectors of election of the village of Prentice relative to the results of an election upon the question of license or no license for retail liquor dealers in said town. The election was held April 7, 1908, in the duly organized village of Prentice, and prior to this charter election there was a petition as prescribed by law praying that the question of licensing persons to deal or traffic in spirituous, malt, or intoxicating liquors or drinks as a beverage be submitted to the electors of said village at the ensuing election, and such proceedings had that this question was properly submitted. The inspectors of the election canvassed the vote upon this question and determined and certified to the clerk of the village that the total number of votes cast upon this question was 126, of which number 25 votes were for license and 49 against, and 52 votes rejected as illegal. The last-mentioned ballots were preserved, and the relator, describing himself as a citizen and taxpayer and elector of the village of Prentice there engaged in the retail liquor business and having a large sum of money invested in that business, applied for and procured from the circuit court a writ of *certiorari* directed to the clerk of the village,

alleging, in substance, that said fifty-two ballots were unlaw-fully rejected and that the canvass and decision of the board of inspectors was illegal and without jurisdiction, and void for this reason. The writ commanded that the village clerk certify and return to the circuit court the action and decision of said board of election inspectors and every matter and thing upon which said action and decision of said board was founded, and a correct transcript of so much of the proceed-ings of said board as relates to the submission of the question relative to liquor license, together with a copy of all files, papers, or entries recorded, entered, filed, or used in the pos-session or under the control of said clerk. On April 25, 1908, the village clerk made very full return to this writ.

The defendants *J. W. Emerson* and others were by order allowed to intervene as defendants and represent all of the petitioners for the submission to the electors of the license question aforesaid. These interveners moved to quash the writ of *certiorari,* their motion was denied, and upon the writ and return the circuit court adjudged that the foregoing decision of the election inspectors was manifestly erroneous and void in law, and that such decision "be and the same is hereby reversed."

For the appellants there was a brief by *Smart & Curtis* and *J. W. Hicks,* and oral argument by *E. M. Smart.*

Among other references upon the part of the appellants were the following: *State ex rel. Heller v. Fuldner,* 109 Wis. 56, 85 N. W. 118; *State ex rel. Gray v. Oconomowoc,* 104 Wis. 622, 80 N. W. 942; *State ex rel. Ennis v. Janesville,* 90 Wis. 157, 62 N. W. 933; *State ex rel. Wiesmann v. Ke-men,* 61 Wis. 494, 21 N. W. 530; *State ex rel. Starkweather v. Superior,* 90 Wis. 612, 64 N. W. 304; *State ex rel. Schaefer v. Schroff,* 123 Wis. 98, 100 N. W. 1030; *State ex rel. Heller v. Lawler,* 103 Wis. 460, 79 N. W. 777; *State ex rel. Anderson v. Timme,* 70 Wis. 627, 36 N. W. 325; *Morris v. Ferguson,* 14 Wis. 266; *State ex rel. Moreland v. Whitford,*

54 Wis. 150, 11 N. W. 424; *Hartwig v. Watertown,* 132 Wis. 83, 112 N. W. 21; *State ex rel. Mercer v. Sullivan,* 83 Wis. 416, 53 N. W. 677; *State ex rel. Guernsey v. Meilike,* 81 Wis. 574, 51 N. W. 875; *State ex rel. Swenson v. Norton,* 46 Wis. 332, 1 N. W. 22; McCrary, Elections, §§ 227, 229, 261–264.

For the respondent there was a brief by *Barry & Barry* and *C. E. Lovett,* and oral argument by *J. S. Barry.*

Among other references upon the part of the respondent were the following: *Gillespie v. Palmer,* 20 Wis. 544; *State ex rel. Drake v. Doyle,* 40 Wis. 175; *Byrne v. State,* 12 Wis. 519; 10 Am. & Eng. Ency. of Law (2d ed.) 707; *State ex rel. Schuetz v. Luy,* 103 Wis. 524, 79 N. W. 776; 15 Cyc. 384, 385; *State ex rel. Hallauer v. Gosnell,* 116 Wis. 606, 93 N. W. 542; secs. 880, 4985, Stats. (1898); *State ex rel. Faber v. Hinkel,* 131 Wis. 103, 111 N. W. 217; *State ex rel. Marinette, T. & W. R. Co. v. Tomahawk,* 96 Wis. 73, 71 N. W. 86; sec. 783*b,* Stats. (Supp. 1906).

TIMLIN, J. By settled rules obtaining in this state, the court, proceeding upon writ of *certiorari,* in giving final judgment can only affirm or reverse the judgment or determination reviewed under the writ. *Starkweather v. Sawyer,* 63 Wis. 297, 23 N. W. 566; *State ex rel. Heller v. Lawler,* 103 Wis. 460, 79 N. W. 777. The writ is therefore very ineffective in the instant case. There is no means of proving whether the rejected ballots were or were not furnished by the authorities, because that fact is not shown nor required to be shown by any election record, and the court on *certiorari* is confined to the record and debarred from extrinsic proof. To reverse the determination of the board of election inspectors would be to leave the result of the election uncanvassed and undetermined, while the result as originally certified by the inspectors to the village clerk would remain in his office unaltered. This is a condition not contemplated by

statute. *State ex rel. Winchell v. Circuit Court,* 116 Wis. 253, 93 N. W. 16; 4 Decen. Dig. tit. CERTIORARI, and cases in sec. 8. The court is furthermore of the opinion that the acts of the inspectors in rejecting ballots as defective, as well as their subsequent canvass of the result, are both ministerial rather than *quasi*-judicial acts, and therefore, because the writ of *certiorari* cannot be used to review ministerial acts, the writ should have been quashed. *State ex rel. Narveson v. Mc-Intosh,* 95 Minn. 243, 103 N. W. 1017; *State ex rel. Hadfield v. Grace,* 83 Wis. 295, 53 N. W. 444; 4 Decen. Dig. tit. CERTIORARI, § 24, and cases.

*By the Court.*—Judgment reversed, and the cause remanded with directions to quash the writ.