STATE EX REL. PEART, Appellant, vs. WISCONSIN HIGHWAY COMMISSION, Respondent.

*April 9—May 6, 1924.*

*Highways: Relocation: Cost of necessary bridge: How determined: Certiorari: Review of proceedings of quasi-judicial bodies: Ministerial acts.*

1. In respect to officers having only *quasi*-judicial power to act in proceedings of a summary character and out of the course of the common law, the proceedings will be reviewed by *certiorari* to ascertain whether they have jurisdiction, have kept within it, and have acted according to law; and this involves ascertaining whether the tribunal acted on evidence which would warrant the conclusion reached. p. 617.

State ex rel. Peart v. Wisconsin Highway Comm. 183 Wis. 614.

2. When a writ runs to an inferior court the only question for determination is whether the court had jurisdiction or has exceeded it. p. 618.
3. The legislative policy expressed in sec. 1265, Stats. 1921, that if in laying out a highway a bridge will be required which will exceed $300 in cost, the order of the town board laying out the highway shall not be effective unless approved by the voters of the town, should not be thwarted by bargaining for the promotion of private interests. p. 620.
4. On proceedings to relocate a road, the state highway commission, in determining the cost of a bridge which will be "usable and reasonably safe for travel," under sec. 1265, Stats. 1921, requiring approval of the relocation by the electors if the bridge is to cost more than $300, need not consider a contract by an interested private party to build a bridge to cost not more than $300. p. 620.
5. A finding as to the cost of a bridge by the highway commission under sec. 1265, Stats. 1921, is a ministerial act and therefore not subject to review by *certiorari*. p. 620.

APPEAL from an order of the circuit court for Iowa county: S. E. SMALLEY, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Fiedler, Jackson & Boardman* of Mineral Point, and oral argument by *N. S. Boardman.*

For the respondent there was a brief by the *Attorney General, Robert M. Rieser*, deputy attorney general, and *W. C. McGeever* of Dodgeville, special counsel, and oral argument by *Mr. McGeever.*

JONES, J. This is an appeal from an order quashing a writ of *certiorari.* The writ had been issued commanding the *Wisconsin Highway Commission* to certify to the court the record of its proceedings in the matter of the cost of a certain bridge.

The petitioner, together with other freeholders of the town of Highland, Iowa county, petitioned the town boards of the towns of Highland and Dodgeville for the relocation of a certain town-line road. The application was denied by the supervisors. Thereafter, on appeal, the county court appointed commissioners who reversed the action of the super-

visors.    The highway was then laid out and damages awarded.

The highway as relocated required the construction of a bridge.    The town board of the town of Highland requested the *Highway Commission* to give a decision "as to whether a certain bridge . . . will cost more than $300, and whether the construction of such bridge would be required in laying out the proposed highway so as to make such highway usable and reasonably fit for travel."

It appears that prior to the making of this request the town board had made a contract with petitioner and another whereby they agreed to construct for the town a steel and concrete bridge at a cost not to exceed $300.    It also appears that the *Highway Commission* was informed of this contract and that they disregarded it upon the advice of the attorney general.    The *Commission,* acting on information furnished by its division engineer who had viewed the site and secured facts as to the availability of material, estimated the cost of a bridge substantially the same as that contracted for to be $1,207.50.

The letter of the engineer who made the estimate contained the following paragraph: "The town board has signed up a contract for $300 for an 18′ span bridge with 16′ roadway.    The man that wants the road took the contract and he is subletting it to another man and probably paying the difference."

It was alleged in the petition for the writ of *certiorari* that petitioner was desirous that the road should be built and that there should be no question as to what kind of a bridge should be constructed, and accordingly contracted to build a specified concrete and steel bridge at a cost not to exceed $300.

The decision of the *State Highway Commission* was alleged to be illegal and void and beyond their jurisdiction on the grounds:

"That their decision is not responsive to their statutory duty in that no effort was made to ascertain the cost of a

State ex rel. Peart v. Wisconsin Highway Comm. 183 Wis. 614.

bridge that would make the highway 'usable and reasonably safe for travel.' "

"That the *Commission* ignored your petitioners' contract with the town boards of the respective towns, thereby failing to consider the cost of said bridge to the taxpayers, but considered only the cost in fact of a steel I-beam bridge of 14′ span, 16′ roadway, on concrete substructure."

The attorney general moved to quash the writ on the grounds that the court had no jurisdiction over the subject matter contained in the petition and for the reason that none of the grounds stated in the petition constituted proper matters justifying the issuing of the writ. The circuit judge held that the court had jurisdiction over the matter contained in the petition, but that the petition upon its face did not set forth matters justifying the issuing of a writ of *certiorari*. It was accordingly ordered that the writ be quashed.

The following is the statute which is to be construed:

". . . When the laying out of a highway would require the construction of a bridge costing more than three hundred dollars to make such proposed highway usable and reasonably safe for travel, the order of the town board laying out such highway shall not be effective unless approved by the electors of the town. If a decision of the state highway commission showing the cost of any such bridge is obtained, such decision shall be conclusive as to whether or not the order of the town board requires the approval of the electors. . . ." Sec. 1265, Stats. 1921.

In view of the conclusion we have reached it will only be necessary to consider one question: namely, whether *certiorari* is a proper remedy under the facts here presented.

Counsel for appellant base their action on the proposition that *certiorari* lies to review the acts of tribunals acting in a *quasi*-judicial capacity. It is well settled by decisions of this court cited below that in respect to officers having only *quasi*-judicial power to act in proceedings of a summary character and out of the course of the common law the proceedings will be reviewed by *certiorari* to ascertain whether such tribunals have jurisdiction; have kept within it; and

have acted according to law; and this involves ascertaining whether the tribunal which made its determination of the facts acted upon any evidence which would warrant the conclusion reached.

Herein lies the difference between the writ which runs to a court proceeding according to the course of the common law and one when it is directed to officers or boards acting in a *quasi*-judicial capacity. When the writ runs to an inferior court the only question for determination is whether the court had jurisdiction or has exceeded its jurisdiction. This is for the obvious reason that in such cases erroneous rulings or findings on insufficient evidence may be reviewed in the ordinary manner without resort to extraordinary remedies. Counsel for the appellant relies chiefly upon *State ex rel. Moreland v. Whitford*, 54 Wis. 150, 11 N. W. 424, and *State ex rel. Milwaukee Med. Coll. v. Chittenden*, 127 Wis. 468, 107 N. W. 500.

In the first of these cases the writ was directed to the superintendent of schools to bring up for review his proceedings upon an appeal from the decision of a town board in relation to the division of a school district. The powers of this officer as prescribed by the statute are very broad. He may not only determine the question involved in the appeal, but may prescribe the rules of practice in respect thereto not inconsistent with law. There is evidently reposed in him considerable discretion in the performance of his duties in respect to such appeals.

In a later case it was held that on *certiorari* the decisions of this officer upon questions of fact will not be reviewed if there is any evidence to support them. *State ex rel. School Dist. v. Thayer*, 74 Wis. 48, 41 N. W. 1014. In *State ex rel. Milwaukee Med. Coll. v. Chittenden, supra,* it was distinctly held that if the board had any function in the matter it was of a judicial nature.

When the *Highway Commission* is asked to determine the cost of a bridge which will be "usable and reasonably safe

for travel" at a specified place, their task is comparatively simple. It is one which lies in their regular line of work and for which by their experience they are presumed to be fully qualified. In such a case they exercise no discretion as to determining whether a highway shall be laid out or whether a bridge shall be built. They have nothing to do with the consequences of their conclusion. It is true that if they find that the bridge in question will cost, according to their finding, more than $300, the undertaking must have the approval of the electors of the town; but that is a matter with which the *Commission* are not concerned. They are merely charged with the duty of finding facts which with their knowledge and equipment they can ascertain with almost mathematical certainty.

It cannot be said that they have discretion as to the cost of the bridge to be constructed, since it is the fair meaning of the statute that the structure should not be unnecessarily expensive. As we construe the statute it makes the *Commission* purely a fact-finding body, and it makes their finding conclusive. We do not regard the duties imposed by the statute as judicial or *quasi*-judicial in their nature, but rather as ministerial. The case is not analogous to those cited by counsel for petitioners in which officers or boards were exercising *quasi*-judicial functions.

No attack is made upon the constitutionality of the statute, and in so far as it vests in a commission the authority to determine facts under certain conditions it is no departure from the legislative policy as declared in various other statutes.

In an argument which relates more particularly to the other branch of the case, counsel for petitioner lay much stress on the allegation in the petition that the petitioner and another contracted with the supervisors of the town that they would build a suitable bridge that would cost the taxpayers only $300. It is quite apparent from the record that the contemplated bridge could not be constructed for

620    SUPREME COURT OF WISCONSIN.    [May

State ex rel. Peart v. Wisconsin Highway Comm. 183 Wis. 614.

that amount, and that the petitioner, being desirous that the road should be laid out and the bridge built at the place in question, was willing to construct the bridge for less than the actual cost for reasons of personal advantage. We do not think that the *Commission* were bound to consider this contract in making their finding. Nor do we think that the allegations in the petition on this subject, so much relied on, authorized the issuance of the writ.

Under the statute the *Highway Commission* were charged with the duty of making their own determination without regard to private contracts or private interests. It is the clear meaning of the statute that if a bridge is to cost more than $300 the question of its construction must have the approval of the electors. So long as this remains the legislative policy that policy should not be thwarted by bargaining for the promotion of private interests. On this subject, language used in the opinion in *State ex rel. Dosch v. Ryan,* 127 Wis. 599, 601 (106 N. W. 1093), is quite pertinent:

"Highways are only to be laid out when the public good will thereby be promoted. Private considerations or inducements cannot rightly enter into the question in any degree. If private individuals with special interests were allowed to bargain with public officers who are exercising this important and sovereign power, and to offer inducements of any kind tending to influence their free action, the interests of the public would be at once in jeopardy. Not only are such bargains void as against public policy, but official action based thereon ceases to be based solely upon the public welfare, and becomes tainted with some degree of private interest. . . . No nice separation of motives is possible. There is safety only in the entire prohibition of such transactions."

It is our conclusion that under the statute the functions of the *Highway Commission* were ministerial and not *quasi*-judicial in their nature; and since the writ of *certiorari* cannot be used to review ministerial acts, the writ in this case should have been quashed on that ground. *State ex rel.*

*Nelson v. Emerson,* 137 Wis. 292, 118 N. W. 836; *State ex rel. Wiesmann v. Kemen,* 61 Wis. 494, 21 N. W. 530.

The trial court assigned a different reason for quashing the writ, but the result is the same.

*By the Court.*—Order affirmed.